# THE MAGGIE J. SMITH.

## WALKER *v.* DUN.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MARYLAND.

Argued November 10, 11, 1887. — Decided November 21, 1887.

The findings of fact in a cause in admiralty under the act of February 16, 1875, 18 Stat. 315, have the same effect as a special verdict in an action at law.

Rule 24 in § 4233 Rev. Stat. applies only when there is some special cause rendering a departure necessary to avoid immediate danger, such as the nearness of shallow water, or a concealed rock, the approach of a third vessel, or something of that kind. [See p. 353 for this rule.]

Where one ship has, by wrong manœuvres, placed another ship in a position of extreme danger, that other ship will not be held to blame, if she has done something wrong, and has not been manœuvred with perfect skill and presence of mind.

The allowance of interest and costs in a cause in admiralty rests in the discretion of the court below, and its action will not be disturbed on appeal.

THE following is the case as stated by the court.

This case comes before us from the Circuit Court of the United States for the District of Maryland. It is a libel against the vessel Maggie J. Smith, for damages caused by her collision with the schooner Enoch Robinson, which resulted in sinking the latter, and in the entire loss of both vessel and cargo. The libellants are the owners of the Enoch Robinson. The petitioners are the owners of the property on board, who have intervened for their interest. The claims of libellants and petitioners exceeded the value of the Maggie J. Smith and her freight, and thereupon the owners of that vessel instituted proceedings for the benefit of the limited liability provisions of the Revised Statutes, §§ 4283–4289, under which the value of the vessel was appraised at $32,000, to which amount their liability was accordingly limited. A stipulation for that amount was thereupon given by sufficient sureties, with the condition that the claimants would perform the final order and decree in the case, or that execution might issue against the goods, lands, and tenements of the stipulators wherever found.

On the trial before the District Court a decree was entered for the claimants, and the libel dismissed. On appeal, the Circuit Court reversed the decree, and adjudged that the libellants and petitioners were entitled to recover certain specified sums, which, in the aggregate, exceeded the $32,000; that the stipulators should pay that amount into the registry of the court, and that the clerk, after deducting the costs of the circuit and district courts, should pay the balance to the libellants and petitioners *pro rata;* that is, in proportion to their respective claims as allowed. From this decree the claimants have appealed to this court. Subsequently the libellants and petitioners applied to the Circuit Court for a further decree, directing the claimants to pay interest on the amount of the stipulation from its date, and the costs of the

district and circuit courts, but the application was refused. From this refusal they have appealed to this court.

*Mr. John H. Thomas* and *Mr. Robert H. Smith*, for appellants, cited: *The Benefactor*, 103 U. S. 239; *The Palmyra*, 12 Wheat. 1; *The Steamer Webb*, 14 Wall. 406; *United States v. Ames*, 99 U. S. 35; *Ex parte Baltimore & Ohio Railroad,* 106 U. S. 5; *Shields v. Thomas*, 17 How. 3; *Market Co. v. Hoffman*, 101 U. S. 112; *The Connemara*, 103 U. S. 754; *The Mamie*, 105 U. S. 773; *Farmers' Loan & Trust Co. v. Waldemar*, 106 U. S. 265, 270; *Whitney v. Cook*, 99 U. S. 607; *The S. C. Tryon*, 105 U. S. 267; *The Lucy*, 8 Wall. 307; *United States v. Brig Malek Adhel*, 2 How. 210; *The Sapphire*, 18 Wall. 51, 56; *Providence & New York Steamship Co. v. Hill Mfg. Co.*, 109 U. S. 578; *The Nichols*, 7 Wall. 656, 664; *The Dexter*, 23 Wall. 69, 75.

*Mr. William W. Macfarland* filed a brief for appellants, citing: *The America*, 3 Ben. 421; *The Adriatic*, 107 U. S. 512; *The Elizabeth Jones*, 112 U. S. 514; *The Vortigern,* Swabey, 518; *The Scotland*, 118 U. S. 507.

*Mr. John Lathrop* and *Mr. Sebastian Brown,* for appellees. cited: *Rich v. Lambert*, 12 How. 347; *Ex parte Baltimore & Ohio Railroad,* 106 U. S. 5; *Farmers' Loan & Trust Co. v. Waterman*, 106 U. S. 265; *Adams v. Crittenden*, 106 U. S. 576; *Hawley v. Fairbanks*, 108 U. S. 543; *Tupper v. Wise,* 110 U. S. 398; *Gibson v. Shufeldt,* 122 U. S. 27; *The Dexter,* 23 Wall. 69; *The Annie Lindsley*, 104 U. S. 185; *The North Star*, 106 U. S. 17; *The Brager*, 14 Law Times (N. S.), 258; *The Fingal,* 13 Law Times (N. S.), 611; *The Radama*, 2 Cliff. 551; *The S. B. Wheeler*, 4 Cliff. 189; *The Agra*, 4 Moore, P. C. (N. S.) 435; *The Spring*, L. R. 1 A. & E. 99; *The Aura*, Holt's Rule of the Road, 255; *The Cleopatra*, Swabey, 135; *The Beryl*, 9 P. D. 137; *New York & Liverpool Steamship Co. v. Rumball*, 21 How. 372; *The Nichols*, 7 Wall. 656; *United States v. Carey*, 110 U. S. 51; *The Adriatic*, 107 U. S. 512; *McKinlay v. Morrish*, 21 How. 343; *The Carroll*, 8

Wall. 302; *The Fairbanks*, 9 Wall. 420; *The City of Paris*, 9 Wall. 634; *The S. C. Tryon*, 105 U. S. 267; *The Bywell Castle*, 4 P. D. 219; *The Elizabeth Jones*, 112 U. S. 514; *The Wanata*, 95 U. S. 600; *The Manitoba*, 122 U. S. 97; *The Favorite*, 12 Fed. Rep. 213; *Walsh* v. *Mayer*, 111 U. S. 31; *The Scotland*, 118 U. S. 507, 519.

Mr. Justice Field, after stating the case, delivered the opinion of the court.

The Circuit Court having found the facts respecting the collision, our examination will first be directed to a consideration of their sufficiency to sustain the decree. The findings, under the act of February 16, 1875, have the same effect as a special verdict in an action at law. 18 Stat. 315, c. 77; *The Adriatic*, 107 U. S. 512. The bills of exception of the claimants in the record embrace only the refusal of the court below to find certain propositions of law, which can as well be presented to the court upon the present findings.

The findings of fact, with the facts admitted by the pleadings, disclose the following case: On the evening of February 26, 1883, the Maggie J. Smith, a three-masted schooner steamer, under sail only, ran into and sunk the three-masted schooner Enoch Robinson, off the coast of New Jersey. The night was clear and starlight; the wind was about northwest, and blowing a whole-sail breeze, and the sea was smooth. The Smith was on a voyage from New York to Newport News, Virginia; her course was southwest; her first mate, and her engineer, who was acting as second mate, were on deck; one man was at the wheel, and another was stationed forward on the lookout; her regulation lights were set; and she had the wind on her starboard side.

The Enoch Robinson was on a voyage from Baltimore to Providence, Rhode Island, with a cargo of coal. When the Maggie J. Smith was first seen by those on board the Robinson the latter vessel was on her regular course, heading northeast, and had the wind on her port. Her regulation lights were set and burning brightly; her master and second mate

were on deck; a competent seaman was on the lookout forward on the top-gallant forecastle; and one was at the wheel. The court finds that when the vessels were first seen from each other, they were about two miles apart; that they were approaching each other "end on, or nearly so, and on courses involving risks of collision;" that the wheel of the Robinson was put to port almost immediately after the position of the Smith was discovered, and that the Smith starboarded her wheel, and that this starboarding was the direct cause of the collision. The court also finds that when those in charge of the Robinson perceived that the Smith was falling off and that the vessels were approaching in dangerous proximity, they put the wheel of the Robinson hard-a-port, and let go the spanker-sheet; and that a few seconds before the collision the wheel of the Smith was first put to port, and then hard-a-port, but the head sheets were not let go, and before the changes to port materially affected the course of the Smith the two vessels came together, the Smith striking the Robinson a square blow on the port side near the mizzen rigging. And the court finds as a conclusion of law, that the Smith was in fault in not porting her wheel when the Robinson was first seen approaching her end on, or nearly end on, and was in fault for putting her wheel to starboard, and that this was the immediate cause of the collision.

Upon these findings, there could be but one conclusion as to the liability of the Smith under the sixteenth rule of navigation adopted by Congress, which is as follows: " If two sail vessels are meeting end on, or nearly end on, so as to involve risk of collision, the helms of both shall be put to port so that each may pass on the port side of the other." Rev. Stat. § 4233, 2d ed., p. 817.

Three cases in this court are cited by the counsel for the libellants in which this rule has been applied, under circumstances not materially different from those in the present case: *The Nichols*, 7 Wall. 656; *The Dexter*, 23 Wall. 69; and *The Annie Lindsley*, 104 U. S. 185. In the case of *The Nichols*, a schooner and a bark sailing on Lake Erie in nearly opposite directions came into collision by which the schooner was sunk,

Each vessel was seen from the other, when two or three miles apart. The schooner had the wind free and on her starboard side; the bark was close hauled, with the wind on her port side. The vessels approached each other on lines that diverged not more than half a point, and at a combined speed of twelve miles an hour. The schooner starboarded her helm; the bark ported. The owner of the schooner filed a libel against the bark, but the court held that the schooner had violated the rule of navigation in not porting also, and therefore the owner had no claim for damages.

In the case of *The Dexter*, two schooners came into collision on Chesapeake Bay, by which one was totally lost. When within a half-mile of each other, they were approaching from opposite directions, end on, or nearly so. One ported and the other starboarded. It was held that the latter, which was lost, had violated the rule of navigation, and therefore was in fault, and that her owner could not maintain a libel for damages; and the libel filed by him was accordingly dismissed.

In the case of *The Annie Lindsley*, there was a collision on Long Island Sound between a brig and a schooner, which resulted in the sinking of the schooner and the total loss of the vessel and cargo. The two vessels approached each other nearly end on, on courses involving risk of· collision; the schooner put her helm to port; the brig put her helm to starboard, thereby violating the sixteenth rule of navigation, and a collision followed. It was held that the brig was liable for the loss.

Some reliance was placed by claimants' counsel on the twenty-fourth rule, which provides that, in construing and obeying the rules of navigation, "due regard must be had to all dangers of navigation, and to any special circumstances which may exist in any particular case, rendering a departure from them necessary in order to avoid immediate danger." Important as this qualification of the rules is, it has no application to the case at bar, where the vessels saw each other about two miles apart. It applies only where there is some special cause rendering a departure necessary to avoid immediate danger, such as the nearness of shallow water, or a con-

cealed rock, the approach of a third vessel, or something of that kind.

The contention that if the Smith starboarded her helm when the two vessels, though approaching each other end on, or nearly so, were about two miles apart, her fault is not such as to make her responsible for the damages claimed, does not require consideration, for there is nothing in the record to show that when the Smith starboarded her helm the vessels were that distance apart. It is not stated what the distance then was, nor is, the speed of the vessels given, from which such distance could be estimated. The contention assumes, without any foundation, that the vessels were then about two miles apart. The libel alleges that the vessels were running red to red three or four minutes before the Smith fell off her course and showed both her lights; and the answer states that the vessels had been in sight of each other some time when the Smith starboarded her helm, and that the vessels were then from a quarter to a half mile apart.

Nor is there anything in the position that, where two vessels are approaching in opposite directions so as to involve risk of collision, and one of them violates a rule of navigation in directing its helm, and the other vessel sees it, she will be in fault if she does not also turn her helm so as to avoid the consequences of such departure from the rule. Whether it would have been more prudent for the Robinson to take a different course in consequence of the dangerous position in which she was placed by the disregard of the statutory rule on the part of the Smith, must depend upon the angle at which the vessels were approaching, their distance apart at the time, and their combined speed — circumstances not disclosed in the record. The rule is well stated by counsel, that "if one vessel is brought into immediate jeopardy by the fault of another, the fact that an order other than that which was given might have been more fortunate will not prevent the recovery of full damages;" or, as stated by the Court of Appeal of England, in the case of *The Bywell Castle*, 4 P. D. 219, as quoted in the case of *The Elizabeth Jones*, 112 U. S. 514, 526, "Where one ship has, by wrong manœuvres, placed another.

ship in a position of extreme danger, that other ship will not be held to blame if she has done something wrong, and has not been manœuvred with perfect skill and presence of mind."

As to the second appeal from the refusal to allow interest against the claimants upon the amount of the stipulation from the day it was filed in court, and the costs of the circuit and district courts, it is sufficient to say that the allowance of such interest and costs rested in the discretion of the court below, and its action will not be disturbed on appeal.

*Decree affirmed.*

