1. The West Kebar is entitled to exoneration from any damage sustained to cargo in the shelter or bridge deck and the No. 5 'tween deck and the No. 5 lower hold.

## THE WEST KEBAR.

District Court, S. D. New York.

Jan. 12, 1944.

Hill, Rivkins & Middleton, of New York City (Robert E. Hill, and Eugene P. Mc-Cue, both of New York City, of counsel), for libelant.

Hunt, Hill, & Betts, of New York City (John W. Crandall and Frank J. Zito, both of New York City, of counsel), for claimant-respondent and respondent.

HULBERT, District Judge.

Upon the settlement of the interlocutory decree proctors for the libelants inserted a provision for interest and costs which it is contended, on behalf of the claimant-respondents, is premature. Claimant-respondents were exonerated from liability for damage which can be shown to have been sustained by libelants' cargo stowed in the shelter or bridge deck space and the No. 5 'tween deck and the No. 5 lower hold with a recovery of damage sustained to the cargo stowed in the port coal bunker and in the No. 4 'tween deck and the No. 4 lower hold.

This determination eliminates the libelant Robert Schwarz Bristle Corporation whose claim amounted to about $250. It also leaves for consideration by a Commissioner what portion of the cargo of the other libelants, stowed in the port coal bunker, the No. 4 'tween deck and the No. 4 lower hold, was damaged.

Claimant-respondents assert that the situation as to costs cannot be properly considered until the damages have been ascertained and fixed by a Commissioner, or agreed upon by counsel, except as to the Robert Schwarz Bristle Corporation, against whom they should have a full bill of costs.

■ The matter of costs in Admiralty is wholly under the control of the court awarding them. While they generally follow the decree "circumstances of equity, of hardship, of oppression, or of negligence induce the court to depart from that rule in a great variety of cases." The Sapphire, 18 Wall. 51, 57, 85 U.S. 51, 21 L.Ed. 814; see also The Maggie J. Smith (Walker v. Dun), 123 U.S. 349, 356, 8 S.Ct. 159, 31 L.Ed. 175. This is emphasized by the more recent holding in The James McWilliams, 2 Cir., 1931, 49 F.2d 1026, 1027, where Chase, C. J., said: "The matter of allowance of costs in actions in admiralty rests in the sound discretion of the court, and furthermore the District Court is not deprived of its discretionary power, on remand in the absence of anything in the mandate to the contrary."

■ The general rule is that a District Court has no power to modify a judgment after affirmance.

■ In this case the trial was a protracted one. A full bill of costs against the Robert Schwarz Bristle Corporation would amount to several times the actual damages involved and under the circumstances of the case would seem to be wholly inequitable.

The claimant-respondents may recover the statutory costs against the Robert Schwarz Bristle Corporation. On the other hand, the court believes that the successful libelants, all of whom are represented by the same proctors, should have but one full bill of costs.

Let the proposed interlocutory decree be amended accordingly.