JAMES LITTLEFIELD and another *v.* THOMAS W. BEAMIS.

In an action for a rescission of a purchase made by plaintiffs of defendant's interest in a partnership existing between them, as to the value of which they were deceived by the fraudulent representations of the latter, for a dissolution of the partnership on account of fraud, and for an account : *Held*, that the main issue between the parties being one of fraud, a document showing exorbitant and unfair charges by plaintiffs for merchandize furnished by them to the partnership, was admissible in evidence under the issue.

It is no ground for a new trial, that a juror took up and looked over certain balance sheets, which had been rejected as inadmissible, in an action for the dissolution and settlement of a partnership, where the counsel of the party against whom they were offered, noticed the fact at the time but made no objection, and the papers were not taken by the jury into their room; and it was not shown that their contents were communicated to the other jurors, or that they did or could exercise any influence over the jury in making up their opinions.

No law requires that a jury shall carry with them into their consultation room all the documents and papers submitted to them. It is at their pleasure to do so, or not.

APPEAL from the Commercial Court of New Orleans; *Watts*, J; *Hoffman*, for the appellants.

*L. C. Duncan*, for the defendant.

GARLAND, J. The plaintiffs and the defendant were partners in trade; the former residing in Massachusetts, and the latter in New Orleans, where the business was transacted. The connection was formed in the month of September, 1836, and it was intended that it should continue for three years ; but in the commencement of the year 1839, the parties became dissatisfied with each other, and, all confidence between them being lost, the plaintiffs sent an agent to this city, for the purpose of bringing the partnership to a close, which was effected by the plaintiffs purchasing the interest of the defendant. This was done early in March, 1839. About two years after, they commenced this suit, alleging various acts of fraud and misconduct, on the part of the defendant in the management of the affairs of the firm, and concealments of different transactions; whereby, they were injured and induced to give more for the interest of the defendant than they would otherwise have done. The petition and supplement allege a variety of transactions and acts as fraudulent, and

conclude by praying for a rescission of the sale or purchase of Beamis' interest in the firm ; a dissolution of it ; that the defendant be compelled to render a full account ; that the accounts be referred to auditors for settlement, and for judgment in their favor. The answer negatives, in the strongest manner, all the allegations of the petition, and, prays that the cause may be tried by a jury. It was so tried, and, after a long investigation, a verdict was given for the defendant, and the plaintiffs have appealed.

The counsel for the plaintiffs relies principally, on a bill of exceptions taken to the Judge's permitting a certain document annexed to the evidence of Loring Thayer to be read, with his explanations in relation to it, as stated in his deposition. The witness was stating the causes that led to the rupture between the plaintiffs and defendant, and the probable consequences of it to the plaintiffs, if the settlement and purchase had not been made. The defendant complained of extravagant charges of interest against him, and overcharges in the invoices of goods sent to him ; and the witness produced an agreement, between himself and the plaintiffs, by which he (witness,) was to furnish a large portion of the stock for the New Orleans store, and to charge prices ranging from ten to fifteen per cent. above the ordinary rates, the profits of which he was to divide with the plaintiffs. The ground of objection was, that the document and evidence was not admissible, under the issues made by the pleadings, and could not be received until a decision was had upon the pending questions, and that it only went to lessen or increase the balance on a final settlement. The Judge did not err in admitting the testimony. The main issue between the parties was one of fraud ; and it is shown, that a want of confidence and a mutual suspicion of each other, entered into the consideration for making the settlement ; the document was, therefore, admissible, as it went to show that the suspicions of the defendant were well founded, and that there was sufficient cause for dissolving the partnership.

The counsel for the plaintiffs moved for a new trial, on the ground of misconduct of one or more of the jury, and of the verdict being contrary to law and evidence. The misconduct complained of is, that the defendant offered to submit as evidence certain papers, which he offered a witness to prove to be balance

sheets taken from the books, and exhibited to the plaintiffs, which were rejected ; but, in the argument of the case, the counsel for the defendant referred to them, and used them as memoranda, instead of referring to the books. After he had got through with them, he laid them on a chair near him, when one of the jurors, who was sitting near, took up the papers, and, after looking over two or three pages, laid them down again. This attracted the notice of one of the plaintiffs, and of his counsel at the time, but they made no objection then. The jury did not have the papers in their retirement ; nor is it shown, that they did or could exercise any influence over them in making up their opinion. Only one of the jurors looked at the papers in a cursory manner, and it is not shown that what he saw was repeated to his fellows. Another ground is, the jury retired and made up their verdict without having all the evidence upon which the cause was tried, before them. We know of no law that makes it the duty of the jury to carry all the documents and papers submitted to them, into their consultation room. They have a right to do so, and, as a general rule, it is best to have them for reference ; but if the jurors remember the contents, we see no more reason for taking them with them, than there is for taking witnesses who have given parol evidence. The document, which it is said the jury did not have with them, is an account made out by the plaintiffs against the defendant, stating the various items claimed of him. If the jury thought the plaintiffs had no claim at all against the defendant, we do not see what possible effect a statement in detail could have had upon their judgment. We concur with the Judge below, in the conclusion to which he came, and, upon the merits, are satisfied with the verdict.

*Judgment affirmed.*