# Case No. 2,750.
## The CITY OF HARTFORD.
### [7 Ben. 510.] [1]

District Court, S. D. New York. Dec., 1874.

COLLISION—COSTS—APPORTIONMENT OF DAMAGES.

In a collision case, both vessels were held to have been in fault, and an apportionment of the damages was decreed. No cross-libel had been filed, and the libellant recovered half his damages. He now applied for costs: _Held_, that the general rule in this district, in such cases, is that costs will be allowed to the party who recovers.

[Cited in Vanderbilt v. Reynolds, Case No. 16,-839; The Hercules, 20 Fed. 205.]

[In admiralty. Libel by the owners of the schooner William R. Knapp against the steamboat City of Hartford for damages caused by collision. There was a decree dividing the damages between the two vessels (Case No. 2,749), and libellants now ask that costs be awarded to them.]

W. R. Darling, for libellants.

E. L. Owen, for claimants.

BLATCHFORD, District Judge. This is a libel for a collision. The court held that both vessels were in fault, and directed the damages to be apportioned. The libellants' damages are fixed at $2,209.89, and, as the claimants' vessel sustained no damage, the libellants are entitled to recover the one-half of the above amount. The libellants ask that they may have costs in the cause.

In Hay v. Le Neve, 2 Shaw, App. Cas. 395, both vessels were held in fault, and the house of lords decreed that, as both vessels were in fault, the loss should be borne equally by both parties, and that each party should pay their own costs. The same rule was followed in The Monarch, 1 W. Rob. Adm. 21. In The Rival [Case No. 11,867], the court held that both vessels were in fault; that the whole damage should be equally divided between them; and that one of the vessels, which the court held to be most in fault, should bear all the costs. But in Lenox v. Winisimmet Co. [Id. 8,248], the same court held both vessels in fault, and divided equally between them the aggregate damage to both, and decreed that each party pay one-half of the costs. In Foster v. The Miranda

[1] [Reported by Robert D. Benedict. Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[Id. 4,977], the loss was equally divided, and costs were allowed to neither party, each being left to pay his own. In The Favorita [Id. 4,694], both vessels were held to be in fault, and the damages were divided. As to costs, the district court says: "The case is one of mutual fault, and although I entertain no doubt as to the propriety, in a proper case, of mitigating the effect of the rule of equal division of loss, in cases of mutual faults, by awarding full costs to either party, I do not consider that the present case called for any deviation from the practice, which is to refuse costs to both parties, when both are equally in fault."

In this district the practice has been to allow costs, in a case of this kind, to the party who recovered, even though the amount he recovered was diminished by the application of the doctrine of apportionment because of mutual fault. I consider this practice to be sustained by the recent decision of the supreme court in the case of The Sapphire, 18 Wall. [85 U. S.] 51. The Euryale sued the Sapphire for a collision, claiming $15,000 damages. There was no cross-libel, nor did the Sapphire set up, in the answer, that she had been damaged. The Euryale had a decree in the district court for $15,000 damages. The circuit court affirmed it. On appeal, the supreme court held that "both parties were in fault, and that the damages ought to be equally divided between them," and directed that a decree should be entered "in conformity with this opinion." The circuit court thereupon entered a decree in favor of the Euryale for $7,500, and for her costs in the district and circuit courts, less the costs of the appeal by the Sapphire to the supreme court. The Sapphire appealed again to the supreme court, alleging, as errors, that no damage to the Sapphire was taken into consideration, and that costs in the courts below were allowed to the Euryale. For the Sapphire it was contended, that, in collision cases, where both parties were in fault, each should pay his own costs. The supreme court held that the only damages which could be divided in that particular case were those sustained by the Euryale. As to the costs the court say: "The appellants further complain that it was erroneous to allow the libellant his costs in the district and circuit courts, deducting therefrom the costs allowed them by this court—i. e., the costs of the reversal of the former decree. We do not perceive, however, in this, any such error as requires our interposition. Costs in admiralty are entirely under the control of the court. They are sometimes, from equitable considerations, denied to the party who recovers his demand, and they are sometimes given to a libellant who fails to recover anything, when he was misled to commence the suit by the act of the other party. Doubtless, they generally follow the decree, but circumstances of equity, of hardship, of oppression, or of negligence, induce

the court to depart from that rule in a great variety of cases. In the present case, the costs allowed to the libellant were incurred by him in his effort to recover what has been proved to be a just demand, and a denial of them under the circumstances of the case, would, we think, be inequitable."

The libellants must have a decree for their costs.