### THE BLENHEIM.

### BALL v. WINSLOW. (Two Cases.)

*(Circuit Court, D. Massachusetts.'* September 25, 1883 )

ADMIRALTY PRACTICE—AFFIRMANCE OF DECREE OF DISTRICT COURT—ALLOWANCE OF INTEREST.

Ordinarily, when an admiralty decree of the district court, which includes interest, is affirmed by the circuit court, interest will be allowed on the full amount of the decree below.

In Admiralty.

*Frank Goodwin,* for Ball.

*Frederick Dodge,* for Winslow.

LOWELL, J. Counsel have argued the question whether interest should be allowed on the full amount of the decree below, which was made upon the report of the commissioner, which included interest.

WAITE, C. J., held, in *Deems* v. *Albany & Canal Line*, 14 Blatchf. 474, that the decree in the circuit court should be made without compounding the interest on the damages, and without allowing it upon the costs.

The practice has been uniform in this court, from a time whereof, etc., to give interest on the whole decree.

I agree, of course, that the decree here is a new decree, and not, technically speaking, merely an affirmance of that below, (*The Lucille*, 19 Wall. 73;) and that interest, in the admiralty, is not an inevitable consequence of affirmance, as it is by the statute and rules in some other courts. *Hemmenway* v. *Fisher*, 20 How. 255. There is no reason to depart from the ordinary practice in this case, and the only question is to ascertain that practice.

I am of opinion that the practice here has been and is sound, to award interest on the whole decree below, unless the circumstances of the case give rise to a variation upon grounds of justice and equity. Lord STOWELL twice decided that it is just and usual to allow interest upon interest in cases substantially like this. *The Driver*, 5 Rob. 145; *The Dundee*, 2 Hagg. 137. The latter decision is cited with approval by CLIFFORD, J., in *The Wanata*, 95 U. S. 600, 613. Interest is given for delay in satisfying the decree, not as part of the original damages. For instance, the considerable bill of costs in this case is made up almost wholly of cash paid out by the libelants before the decree was rendered. Why should they not have interest for the delay in repaying it? Again, if the decree had simply remained unexecuted in the district court, no appeal being taken, the whole decree must be paid, with interest. Such is the command of the writ of execution in that court. Why should the libelants, in addition to the necessary expenses of the appeal, lose a part of the benefit of the decree?

In this case the damages were computed with as much accuracy and regard to positive value as if it had been an action of contract. In cases of that sort I understand the general rule to be that interest should be allowed on the verdict or the judgment, at least when the delay has been caused by the act of the defendant. See Rev. St. § 966; Pub. St. Mass. c. 171, § 8; Gen. Rule 29, Sup. Ct. U. S.; *Perkins* v. *Fourniquet*, 14 How. 328; *In re European Cent. Ry. Co.* 4 Ch. Div. 33; 2 Sedg. Dam. (7th Ed.) 194; 1 Suth. Dam. 711. There is no question here of a second compounding of interest by the running of interest on this decree. The case cannot go to the supreme court, and the money is ready for the libelants. Interest is allowed on the whole decree below.