## THE HERCULES.

### PHILADELPHIA & R. R. Co. *v.* WARREN FOUNDRY & MACHINE Co.

### SAME *v.* PERKINS and others.

*(Circuit Court, D. Massachusetts. April 29, 1884.)*

1. ADMIRALTY—DIVISION OF DAMAGES—RECOUPMENT.

Where a schooner was lost in a collision with a steamer, occasioned by the fault of both, and the damages were to be divided equally between the owners of the two, *held* that, from the damages otherwise due to the owners of the schooner, the owners of the steamer might recoup half of the damages recovered against the steamer by the owners of the cargo that was lost with the schooner.

2. SAME—DIVISION OF COSTS.

Decree that costs be equally divided, in a case where damages were equally divided, even though the libelant's vessel was wholly lost. The particular circumstances of each case must govern.

In Admiralty.

*Morse & Stone,* for appellants.

*John C. Dodge & Sons* and *John Lathrop,* for libelants.

LOWELL, J. I adhere to a remark which I made incidentally in *The Mary Patten,* 2 Low. 196, 199, that the general rule, so far as there can be one, should, in the absence of particular circumstances, give a libelant in a cause of collision his costs, though he recover but half his damages, where the loss is all on one side. Such has been the practice in the first and second circuits of late years. *The Austin,* 3 Ben. 11; *The Baltic,* Id. 195; *The Paterson,* Id. 299; *The City of Hartford,* 7 Ben. 510; *The William Cox,* 3 FED. REP. 645; *The Excelsior,* 12 FED. REP. 195; *The Eleonora,* 17 Blatchf. 88; *The Mary Patten,* 2 Low. 196, 199. This practice is approved in a considered *dictum* of STRONG, J., in the supreme court, where he says: "Doubtless they [costs] generally follow the decree, but circumstances of equity, of hardship, of oppression, or of negligence, induce the court to depart from the rule in a great variety of cases." *The Sapphire,* 18 Wall. 51, 57. That *dictum* states the law of admiralty and of equity as well as it has ever been stated. In the third circuit, the practice is to divide costs as well as damages, where but one party has suffered, as well as in the more common case of loss on both sides, when the practice in all three circuits is to divide costs as well as damages. See *The Pennsylvania,* 15 FED. REP. 814. Judge BUTLER, in that case, relies very much on the form of decree in *The America,* 92 U. S. 432, 438, made in 1875, which, he thinks, should have more weight than the remarks of STRONG, J., in *The Sapphire, supra.* I cannot see the two cases in that light. Mr. Justice STRONG was speaking deliberately upon a point which had been argued; and Mr. Justice CLIFFORD simply entered a decree in the usual form, and

there is no reason to suppose that his attention was called to any distinction between that case and those in which both parties recover damages. Perhaps the opinion of the supreme court is left in doubt by those cases, as is intimated by Judge BLATCHFORD in *Vanderbilt* v. *Reynolds*, 16 Blatchf. 80, 91; but the chief justice appears to have followed the usual practice of the second circuit in 1879. *The Eleonora, supra.* The point is not one of great importance, because all admit the full power of the court to regulate each case according to its special merits. I wish to say, however, that Judge BUTLER misunderstands my argument in supposing it to rest upon the practice of courts of law. What I said was, "all courts" were accustomed to give costs to the prevailing party. That remark is as true of courts proceeding according to the course of the civil law, as of others. "It was the rule of the civil law that *victus victori in expensis condemnatus est.* This is the general rule adopted by the court of chancery, and the unsuccessful party must show the existence of circumstances sufficient to displace the *prima facie* claim to costs given by success to the party who prevails." Daniell, Ch. Pr. (4th Am. Ed.) 1381. In the note to this passage are many decisions in which learned chancellors have set forth the essential justice of the general rule. And the same general rule prevails in the admiralty. Why collision cases should be held to differ essentially from all others in which a defendant reduces the plaintiff's demand, I am not able to discover. In this particular case I think I ought to follow the decree in *The A. Denike,* 3 Cliff. 117, and divide the costs, the claimants having succeeded, in part, in this court.

Two libels were filed against the steamer Hercules for the total loss of the schooner and her cargo, by the respective owners of each; both vessels were found to be in fault. The claimants now ask that, from the damages which would otherwise be due the owners of the schooner, they should be permitted to deduct or recoup one-half the value of the cargo, because each party is liable for that loss, according to *The Atlas,* 93 U. S. 302. A recoupment of this sort has been allowed in several cases. See *The Eleonora, supra; Leonard* v. *Whitwill,* 10 Ben. 638; *The C. H. Foster,* 1 FED. REP. 733; *In re Leonard,* 14 FED. REP. 53; *Atlantic Ins. Co.* v. *Alexandre,* 16 FED. REP. 279; *The Canima,* 17 FED. REP. 271. That one vessel was wholly lost, does not prevent a contribution in case of mutual fault. *The North Star,* 106 U. S. 17; S. C. 1 Sup. Ct. Rep. 41. It is true that the question whether the schooner is excused from liability to the owners of the cargo shipped on board of her, has not been brought into the case; and therefore, if there is any ground for relieving the owners of this liability, they may show it by supplementary proceedings in the cause. If they shall make no move in that direction within 30 days, the decree will be that the claimants have the right to recoup from the damage found against them, and in behalf of the owners of the schooner, one-half of the amount found due the owners of the cargo.