### THE COLUMBIA.[1]

#### *(Circuit Court, E. D. New York. July 8, 1885.)*

COLLISION—TUG AND FERRY-BOAT CROSSING—RIGHT OF WAY—DUTY TO STOP
        AND BACK—RULE 21—APPORTIONMENT—COSTS OF APPEAL.
    A collision occurred at the South Ferry slip, New York city, between the ferry-boat C., on one of her regular trips from Brooklyn to New York, and the tug B., which was coming into the East river from the North river, having a bark in tow on a hawser. The collision occurred in the day-time, the weather was clear, and the vessels were on crossing courses, the B. having the C. on her starboard hand. In the district court the tug was held entirely in fault in attempting to cross the ferry-boat's bows when the latter had the right of way. *Held,* on appeal to this court, that the ferry-boat was also in fault in not stopping and backing when she saw that the tug was persisting in going on, and did not respond affirmatively to the ferry-boat's signal of one whistle, and that there must be a decree apportioning the damages and the costs of the district court, and giving the tug the costs of the circuit court.
    See the opinion of the district court. *The Columbia,* 8 FED. REP. 716.

Admiralty Appeal.
*Owen & Gray* and *F. D. Sturges,* for the tug.
*B. D. Silliman* and *N. P. Schenck,* for the ferry-boat.

BLATCHFORD, Justice. It is contended for the Baxter that the evidence shows that the Baxter gave a signal of two whistles; that the Columbia answered by a signal of three whistles; that the Baxter then gave a signal of five or six sharp blasts, followed by a signal of two whistles; that the Columbia answered with a signal of three whistles; that the Baxter then gave a signal of two whistles; and that the Columbia answered by a signal of three whistles. This concurs substantially with the statement of the libel, that the Baxter gave a signal of two whistles; that the Columbia answered by a signal of three; that the Baxter then gave a signal of several sharp and distinct blasts, and then a signal of two whistles; and that the Columbia paid no attention to such signal, and, although it was repeatedly given, disregarded it and kept on. As the vessels approached each other, the Baxter had the Columbia on her starboard side, and

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

their courses were crossing. On the view that it thus became the duty of the Baxter to avoid the Columbia, the district judge held that the Baxter would have avoided the Columbia if she had stopped when she saw the approach of the Columbia; that the excuse made by the Baxter for not stopping, namely, that she could not do so without incurring the danger of being run over by her tow, was not satisfactory; and that she could have stopped, and even backed away, without being run over by her tow. For this fault, among others, the Baxter was condemned. I concur in this view. Especially was it the duty of the Baxter to stop and back, if her signal of two whistles was not, when first given, answered affirmatively and promptly by the Columbia.

For the Columbia it is contended that, before the Baxter gave any signal, the Columbia gave a signal of one whistle; that the Baxter made no response; that the Columbia then gave a signal of one whistle; that the Baxter did not at once reply, but kept on and then gave a signal of two whistles; and that the Columbia then gave a signal of three whistles. The answer states that the Columbia ran about 100 yards after giving her first signal before she gave her second, and that she did not stop and back till after the Baxter had given her signal of two whistles.

The district judge says in his opinion, (8 Fed. Rep. 716,) that no doubt the collision would have been avoided if the Columbia had been stopped in time to permit the Baxter to pass; but that, as the Columbia had the right of way, she had a right to keep on. I cannot assent to this view. When the Columbia received no response to her first signal of one whistle, she ought to have stopped and backed, instead of giving her second signal of one whistle. She saw that the Baxter was persisting in going on, and was not responding affirmatively by a signal of one whistle, and that there must be a collision if the Columbia also kept on. If it was the duty of the Baxter primarily to keep out of the way, and the correlative duty of the Columbia to keep her course, that duty was imposed on the Columbia for the purpose of enabling the Baxter to keep out of the way. But it was not permissible for the Columbia to persist in going on, under the plea of keeping her course, when she saw that her signal was not affirmatively responded to by the Baxter. On the contrary, under rule 21 of section 4233, there then became risk of collision, and it was the duty of the Columbia to "slacken her speed, or, if necessary, stop and reverse;" and, under rule 24, special circumstances existed which made it necessary for the Columbia to stop, "in order to avoid immediate danger." The fault of the Baxter was no excuse for the fault of the Columbia. The situation was plain to the Columbia, and she was bound to deal with it as it existed, not as it ought to have been. These principles are established by decisions of the supreme court. *Chamberlain* v. *Ward*, 21 How. 548, 567, 568; *The Gray Eagle*, 9 Wall. 505, 510; *The Maria Martin*, 12 Wall. 31, 47; *The Ariadne*, 13 Wall. 475, 479; *The Cayuga*, 14 Wall. 270, 275, 276; *The Con-*

*tinental,* Id. 345, 359; *The Sunnyside,* 91 U. S. 208, 214, 215; *The America,* 92 U. S. 432, 438.

It results from these views that there must be a decree holding both vessels in fault, and apportioning equally the damages to the Baxter between her and the Columbia, with a reference to ascertain those damages. The costs of both parties in the district court will be apportioned equally between the parties, and the libelants will recover their costs of this court.