## THE UMBRIA.

### CUNARD STEAMSHIP CO., Limited, v. COATES. SAME v. DOLLARD.

(Circuit Court of Appeals, Second Circuit. December 13, 1892.)

#### Nos. 49, 51.

**1. INTEREST—AFFIRMANCE OF DECREE.**
When a decree for libelant, which included interest, is affirmed, he, when appellee, is entitled to interest on the whole decree, unless special circumstances induce the court to disallow it. Deems v. Canal Line, 14 Blatchf. 474, disapproved. The Blenheim, 18 Fed. 47, followed.

**2. ADMIRALTY—APPEAL—COSTS.**
On a libel against one vessel for damages to the cargo of another by collision and a decree against her, if the decree is reversed on appeal by claimant on the ground that both vessels were in fault, appellant is entitled to costs.

Motions to modify order for mandate. Denied.

For report of the decision on the appeals, see 59 Fed. 489.

PER CURIAM. In these cases we conclude that, upon an affirmance by this court on an appeal from a decree of the district court in favor of the libelant, the libelant, when appellee, is entitled to interest on the whole decree, in the absence of special circumstances to induce the court to disallow interest. We adopt the rule followed in The Blenheim, 18 Fed. 47, and disapprove that followed in Deems v. Canal Line. 14 Blatchf. 474, believing the doctrine of The Blenheim to be founded on better reason.

As to costs, the appellant was put to the necessity of an appeal to secure a proper modification of the decree. If the libelants had made the Iberia a party, and insisted upon a decree against her as well as the Umbria, such as they would have been entitled to according to The Alabama and Game Cock, 92 U. S. 695, they could urge with reason that they should not be charged with the costs of the Umbria's appeal. Not having done so, there is no good reason why the appellant shall be required to bear the costs of a necessary appeal.

The motions to modify the order for a mandate are denied, except as to the clerical error in the Dollard case.