## THE J. J. DRISCOLL.

### THE CONCHO.

### THE H. B. RAWSON.

#### WHITE STAR TOWING CO. et al. v. REED et al.

(Circuit Court of Appeals, Second Circuit. September 12, 1894.)

No. 153.

COLLISION — STEAM VESSELS MEETING — TIDE — PROPER SIDE OF CHANNEL— LOOKOUT.

A steamer rounding the Battery into the East river collided with a schooner in tow of a tug on a hawser about 150 feet long. The tow was going out with the ebb tide, and making slow progress. The tug saw the steamer and her course in season to have kept away more to the north side of the channel, which she did not attempt to do until a few minutes before the collision. The steamer did not keep a proper watch on the tow and its movements, though both were visible in season, and hence did not avoid the latter by porting, as she could easily have done. *Held,* that both were in fault. 58 Fed. 811, affirmed.

Appeal from decree of district court, southern district of New York, holding the tug J. J. Driscoll and steamship Concho both responsible for damages sustained by the schooner William Johnson (in tow of the J. J. Driscoll on a hawser) from collision with the Concho, between Governor's Island and the Battery, March 1, 1893. See 58 Fed. 811.

Chas. M. Hough, for the J. J. Driscoll.

Wilhelmus Mynderse, for the Concho.

Chas. C. Burlingham, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The questions presented are entirely questions of fact, and the evidence is extremely conflicting. Upon examination of the record we see no reason to reverse the finding of the district judge that the collision would not have happened had either the tug or the steamship taken "more timely and efficient measures to avoid each other." Decree of district court affirmed, with interest, and half costs to the Johnson against each steam vessel.