### THE HORACE B. PARKER.

#### CHISHOLM et al. v. ABBOTT et al.

(Circuit Court of Appeals, First Circuit. April 23, 1896.)

#### No. 140.

COSTS IN ADMIRALTY—APPEAL AND REVERSAL—DIVISION OF DAMAGES.

On a libel for a collision in which libelants' vessel was sunk, the claimants set forth in their answer certain damages to their own vessel, but filed no cross libel. The district court found the claimants' vessel solely in fault, and decreed accordingly. On appeal the circuit court of appeals reversed the decree, deciding that both vessels were in fault, and that the damages should be equally divided. *Held*, that the appellants were entitled to full costs of the appellate court, and that the costs of the district court should be equally divided.

This was a libel in rem by William V. Abbott and others, owners of the schooner pilot boat D. J. Lawlor, against the fishing schooner Horace B. Parker (John Chisholm and others, claimants), to recover damages resulting from a collision whereby the Lawlor was sunk and lost. The district court rendered a decree holding the Parker solely in fault, and the claimants appealed. This court on January 9, 1896, reversed the decree below, and remanded the cause, with directions to enter a decree dividing equally the damages and the costs in each court. See 18 C. C. A. 406, 71 Fed. 989. On February 18, 1896, the

appellants filed a petition for a rehearing, both upon the merits of the appeal and the question of costs.

Edward S. Dodge and John J. Flaherty, for appellants, accompanied their petition for rehearing with a brief, which, in so far as it related to the matter of costs, was in the following language:

(3) The decision of this court, so far as it divides equally the costs in this court, is erroneous. We respectfully submit that the appellants are entitled to full costs in this court, and that the costs in the district court should be divided, unless the libel is dismissed on this hearing, in which event claimants and appellants are entitled to full costs in each court. The America, 92 U. S. 432, 438; The Umbria, 8 C. C. A. 181, 59 Fed. 475. As this court is now the court of last resort in collision cases, the rule of the supreme court relating to costs in that court should be followed here. Whatever diversity of opinion may have formerly existed regarding this matter (The Hercules, 20 Fed. 205, and cases cited), the order of the court in The America, cited above, and the apparent justice of the language of the court in The Umbria, cited above, "there is no good reason why the appellant should be required to bear the costs of a necessary appeal," would seem to definitely settle the question.

Thereafter, by leave of court, the parties were heard on briefs on the question of costs, and the following additional brief was filed in behalf of the appellants:

While admitting that costs in admiralty are entirely under the control of the court in each particular case, we respectfully submit that, in the absence of particular circumstances of equity, the courts have always followed some general rule, concerning which the decisions have heretofore been more or less conflicting. However, it is manifest that any rule regarding the allowance of costs in the appellate court must necessarily be different from that prevailing in courts of original jurisdiction.

(1) The costs of the district court should be divided. The appellants in this case sustained damages which they are entitled to recoup or set off against any damages awarded to libelants. We hardly imagine that this court will follow the practice suggested in appellees' brief on the question of costs, which would result in compelling every claimant in a collision case in which his adversary's vessel was totally lost, to incur the expense of filing a cross libel, useless for any purpose except to enable him to recover his costs if partially successful on appeal. In the case of The Mary Patten, 2 Low. 196, 199, Fed. Cas. No. 9,223, one party suffered all the damages; and, even under those circumstances, Judge Lowell was in doubt whether full or divided costs should be awarded. It is evident, therefore, that the case of The Mary Patten would not be applicable to the case at bar, even in the district court, because the Horace B. Parker suffered substantial damages as well as the Lawlor. Moreover, the decision in the case of The Mary Patten appears to have met with criticism and opposition, and to have been modified by Judge Lowell himself in The Hercules, 20 Fed. 205.

(2) The appellants are entitled to full costs in this court. See Metropolitan S. S. Co. v. British & N. A. Steam Nav. Co. (decided by this court April 16, 1896) 20 C. C. A. 214, 74 Fed. 316. In the case of The Parthian, 5 C. C. A. 171, 55 Fed. 426, cited in the appellees' brief on the question of costs, it does not appear that the steamer sustained any damage, or that the question of costs was raised in any form. In the case of The J. J. Driscoll, 12 C. C. A. 4, 63 Fed. 1023, cited in the same brief, it will be observed that half costs were allowed to the libelant against each of the two defendant steam vessels, thus awarding full costs in each court to libelant. But, as the decree of the lower court was affirmed in that case, it has no application whatever to the case at bar. The rule in the Second circuit appears to be in accord with the practice followed by this court in Metropolitan S. S. Co. v. British & N. A. Steam Nav. Co., cited above, and in no respect as stated in the appellees' brief. The Princeton, 14 C. C. A. 527, 67 Fed. 557; The Umbria, 8 C. C. A. 181, 59 Fed. 475.

· Eugene P. Carver and Edward E. Blodgett, for appellees.

We respectfully submit that, although the question of costs in this district is discretionary with the court, uniformity of practice should prevail, and that the former practice in the district of Massachusetts should govern.

· (1) The costs· of 'the district court should be awarded to the libelants. It will be noted that this is not a collision cause where there is both a libel and a cross libel, but is the case of where but one action was commenced. Judge Lowell fully considered this question in the case of The Mary Patten, 2 Low. 199, Fed. Cas. No. 9,223, which presents exactly this question of allowance of costs in the district court where the damages were divided; and this rule, which was there adopted, has been the uniform rule in the district of Massachusetts since that date, in the absence of a special order of the court. It is founded on the familiar principle that a person who is entitled to a money decree, even though for a less amount than he originally asked for, should be entitled ·to his costs, in the absence of a tender or offer of judgment made by the defendant. The whole question is fully discussed on the last page of that opinion.

(2) That the costs of this court should be equally divided. This rule was adopted in the case of The Parthian, 5 C. C. A. 171, 55 Fed. 426, decided by this court in 1893, which was an appeal from a decree from the district court of Massachusetts, being an appeal from the same court as the case at bar. In that case the libel was dismissed in the court below; and this court reversed the decision of the district court, finding both vessels at fault, and decreeing that the costs in the circuit court of appeals should be divided. This rule should apply in the case at bar, the cases in this regard being in every respect the same. The same rule has been followed in the case of The J. J. Driscoll, 12 C. C. A. 4, 63 Fed. 1023. In the Sixth circuit, see The Fountain City, 10 C. C. A. 278, 62 Fed. 87; The North Star, 10 C. C. A. 262, 62 Fed. 71.

We think that the true rule in collision cases in the circuit court of appeals on the question of costs is, viz.: First, if the appellant fully reverses the decree of the district court, and his own vessel be held free from fault, then he should be entitled to full costs on appeal; second, if, the appellant being found alone to blame in the district court, the circuit court of appeals finds both vessels to blame, then that the cost of the appeal should be divided.

That in the case at bar, for the reasons above given, the logical order should be that the libelants recover the costs of the district court, and that the costs of the appeal should be divided.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge. · · ··

PER CURIAM. Ordered, that whereas, no judge who concurred in the judgment desires that the petition for a rehearing be granted, except as to the matter of costs, the same is denied, except as to costs; and whereas, both parties have, by leave of court, been heard on briefs on the matter of costs, it is further ordered that the judgment heretofore entered be rescinded, and judgment be now entered as follows: The decree of the district court is reversed, and the case· is remanded to that court, with directions to enter a decree dividing equally the damages and the costs in that court, with costs for the appellants in this court. 73 Fed. 1022.·