## ZIMMERMAN v. MASONIC AID ASS'N OF DAKOTA.

(Circuit Court, D. Nebraska. June 29, 1896.)

No. 264.

1. LIFE INSURANCE—PROOF OF BY-LAWS OF ASSOCIATION—PROVED COPIES.
In an action against an aid association to recover life insurance under a certificate which refers to the by-laws of the association and makes them

a part of the contract, such by-laws may be shown by a proved copy, and it is not necessary to introduce the original books of the association.

**2. SAME—SUICIDE—ESTOPPEL BY PROOFS OF DEATH.**
Where, in an action on a policy which excepts suicide from the risks insured against, the defendant introduces, as part of the proofs of loss, the verdict of the coroner's jury that the insured killed himself under an insane impulse, this does not estop defendant from showing the fact to be otherwise.

**3. SAME—REPUGNANT PROVISIONS IN CONTRACT.**
Where the application provided that, in case of death by suicide, the contract should be "null and void," but the by-laws of the association, which were made a part of the contract, declared that in case of suicide "sane or insane," the certificate should be void, except that the beneficiary should be entitled to the amount paid in, but that the board of directors might, at their option, waive this provision, and pay in full, *held,* that there was no such repugnancy between these provisions as to render the latter wholly nugatory, and that if both were construed to apply to a suicide while sane, the most that could be claimed for plaintiff was that the provision in the by-laws for liability for the amount paid in should prevail.

This was an action at law by Catherine Zimmerman against the Masonic Aid Association of Dakota upon two certificates of membership therein, issued to Gottlob Zimmerman. Submitted on motion for new trial.

J. W. West and Charles Ogden, for plaintiff.
Hall, McCulloch & Clarkson, for defendant.

SHIRAS, District Judge. This case was tried to the court, a jury trial being waived by the parties, and the facts were found in writing. The action is based upon two certificates of membership in the defendant company issued to Gottlob Zimmerman; the same being, in effect, policies of insurance upon the life of said Zimmerman, payable to his wife. · The evidence proved that Zimmerman took his own life; in other words, killed himself by a pistol shot intentionally fired with the purpose of ending his life. In the application signed by the deceased, it is expressly provided that, "if death shall result from suicide," the agreement of insurance shall be and become null and void. In the certificates of membership issued to the applicant it is provided as follows:

"That the Masonic Aid Association of Dakota in consideration of the representations and agreements made in the application for membership, bearing even number herewith, * * * doth issue this certificate and constitute Gottlob Zimmerman, of Omaha, county of Douglas, state of Nebraska, a member of division A of said association with all the rights, privileges, and benefits of the same, upon the conditions contained in the application for membership and the by-laws of the association, which constitute a part of this contract, in the same manner and extent as if they were printed in the body of this certificate."

From the evidence submitted on the trial, the court found that the by-laws of the defendant company contained the following section:

"If a member of this association shall commit suicide, whether at the time he be sane or insane, then his certificate shall become null and void, and of no effect, except that in every such case there shall be payable to the bene-

ficiary of said member a sum equal to the amount he had paid to the association; but the board of directors may, at their option, waive this section, and pay the claim in full."

As the fact appeared that Zimmerman had intentionally taken his own life, the court held that this provision of the by-laws of the defendant association defeated all right of recovery on the certificates of membership issued to him, except for the sum paid by him to the association.

In support of the motion for new trial, it is urged that there was not sufficient or competent evidence offered by defendant of the adoption or existence of the by-laws of the association, and that the court erred in admitting in evidence a printed copy of the by-laws; it being claimed that the original record on the books of the association should have been produced. It will be remembered that the contracts of insurance sued upon by plaintiff expressly make the by-laws of the association part thereof, and they form, therefore, part of the contracts which the plaintiff introduced in evidence, and upon which she relied as the basis of her claims. The testimony of the secretary of the defendant association proved that the printed copy of the by-laws offered in evidence was a correct copy, and that these printed copies were furnished to the parties taking insurance in the defendant association. The evidence showed that the home office of the defendant was at Sioux Falls, in South Dakota, at which place the books of the association were kept. As Sioux Falls is distant more than 100 miles from Omaha, the place of trial, the defendant could have taken the testimony of the secretary by deposition at Sioux Falls, where he resides, and could have called upon the secretary to attach to his deposition a copy of the by-laws. Instead of so doing, the secretary was brought to Omaha as a witness before the court, and he produced a printed copy of the by-laws, which he testified was a correct copy thereof. His testimony to the accuracy of the copy was certainly competent and sufficient, and the question is therefore narrowed down to the proposition that a proved copy could not be used in evidence, but that it was incumbent upon the defendant to produce the original books, wherein the record of the by-laws is kept; the same forming part of the records kept at the home office. If it be the rule, as is claimed on behalf of plaintiff, that the original record or the original by-laws themselves must always be produced at the place of trial, then it might be placed beyond the power of the defendant to furnish the evidence. It cannot be possible that a corporation can be required to produce its original books or records at every time and place when and where a suit may be pending, no matter how distant from its home office. There may be cases, involving special issues, wherein the production of the original books at the place of trial may be necessary to effectuate justice between the parties, but ordinarily, in cases like that now before the court, copies of the articles or by-laws of a corporation, duly proven, may be received in evidence without requiring the production of the originals before the court.

It is next urged, in support of the motion for new trial, that the

court should have found the fact to be that, if Zimmerman killed himself, he did so under an insane impulse; that being the finding of the coroner's jury.    Upon the trial it appeared that the verdict of the coroner's jury was sent to the defendant company at its request, as part of the proofs of death.    It is now claimed that, as the proofs of death so furnished were introduced in evidence by the defendant, it is estopped from questioning the finding of the coroner's jury.    These proofs were offered to show the claim made by the plaintiff at that time, to wit, that the insured had died by his own hand, which was competent upon the issue made on the trial whether Zimmerman's death was due to an accident.    The introduction thereof in evidence formed no basis for an estoppel against the defendant, for the plaintiff was not in any way misled or prejudiced thereby, and the utmost that plaintiff could claim would be that the proofs of death, including the verdict of the coroner's jury, were evidence to be considered, together with all the other facts upon the issues in the case.

The last ground relied upon in support of the motion for new trial presents the only question upon which doubt may exist touching the ruling of the court upon the trial, and it arises upon the construction to be given to the provisions in the application and in the by-laws with regard to the effect of suicide upon the validity of the insurance.    In giving judgment for the defendant upon the facts found, the court relied upon the provisions of the by-laws to the effect, if the assured committed suicide, sane or insane, the policy became void; but the company would be liable to repay the sums received as premiums upon the policy.    Upon part of the plaintiff it is strongly urged in argument that the provisions in the application and in the by-laws upon the effect of suicide are contradictory, and therefore that provision most favorable to the assured is to be given effect; or, if the provisions of the application and of the by-laws are not strictly contradictory, they are so worded as to be liable to confuse and mislead the assured, and therefore the court will and should adopt the construction most favorable to the assured.    The theory of the plaintiff is that, notwithstanding the provisions of section 29 of the by-laws, the assured had the right to assume that the policy would only be avoided by a suicidal death according to the strictly legal meaning of that term, which would be a violation of the clause in the application.    This construction of the policy wholly nullifies the provisions of section 29 of the by-laws.    The theory of the plaintiff is that her right of recovery is not barred by the provisions in the application to the effect that, if Zimmerman committed suicide, the policy should become void, because Zimmerman was insane when he took his own life, and therefore could not commit suicide, and that the provisions of section 29 of the by-laws must be held to be of no force, because they conflict with the provisions of the application.

The view taken upon the trial by the court was that the provisions in the application were intended to apply to cases of suicide, using that term in its strictly legal sense, and meaning thereby that, if the insured took his own life, having sufficient mental

power to know, intend, and be responsible for the consequences of his act, the contract of insurance would be rendered wholly void, and the premiums paid would be forfeited to the company, and that the provisions of section 29 of the by-laws were intended to cover cases wherein the party taking his own life was either clearly insane and irresponsible, or wherein the party was at least so unbalanced in mind as to render it doubtful whether he deliberately and intentionally took his own life or not, in which classes of cases it would be optional with the company whether payment should be made or not, but in case payment in full was refused, the company must return a sum equal to the premiums received. This construction gives force to all the provisions of the contract of insurance, whereas, that contended for by the plaintiff requires the court to wholly ignore the provisions of the by-laws. To sustain the proposition that certain provisions of a contract may be disregarded, because they are in conflict with others therein found, the contradiction must be such that both provisions cannot be sustained, and therefore one or the other must be rejected. There is no conflict between the provisions of the application and the by-laws with regard to the effect of legal suicide upon the right of recovery of the face of the policy. In case of suicide, the right of recovery of the face of the policy is wholly barred. The provision in the application does not deal with cases wherein the party taking his life was insane, but that is covered by the section of the by-laws. There does not, therefore, exist such clear and manifest repugnancy between these clauses of the contract as to require the rejection of one, in order that the contract may be held to be enforceable, nor can it be successfully maintained that the clauses are so confusing that Zimmerman must have been misled, to his injury, when he accepted the certificate of membership in the defendant company. If it be assumed that he had in mind, when he accepted the policies, the question whether, in case he took his own life, the same would be enforceable, it must be also assumed that he would fairly construe the provisions of the contracts of insurance upon that subject, and, so doing, he would be notified that, in case he took his own life when sane, no recovery could be enforced for the face of the policy, but, if he took his own life when insane, then the company would be liable for the amount of the premiums paid, but that it would be optional with the company whether it would pay the face of the policy or not. It is true that, according to the strict wording of the provision in the application and in the by-laws, there seems to be a conflict in case of suicide, in that in the application it is declared that, in case of suicide, the policy shall become void and all payments shall be forfeited to the company, whereas, in the by-laws it is declared that in case of suicide, sane or insane, the policy shall become void, but the company shall be liable for a sum equal to the premiums paid. The only conflict between these provisions, if both are held to be applicable to cases of suicide committed by one not insane, is in regard to recovering back the premiums paid. As already pointed out, in cases of suicide by sane persons, recovery of the face of the policy cannot be enforced

under the provisions of the application, or under those of the by-laws; and, admitting that the provisions in question are in conflict upon the matter of the right of recovery of the premiums paid, the utmost that can be claimed is that, upon this point of conflict, the construction most favorable to the assured must be adopted, or, in other words, that in such case it must be held that a liability for a sum equal to the premiums paid exists against the company.

Upon the trial it was held that plaintiff was entitled to this amount, and therefore a new trial should not be granted unless it appears that the plaintiff is entitled to a judgment for the face of the certificate or policies; and, as the evidence clearly proved that Zimmerman took his own life, I can see no ground for holding that the company is liable for the face of the policies. The motion for new trial is therefore overruled.