## THE YARMOUTH.

(District Court, D. Massachusetts. February 18, 1902.)

### No. 1031.

COLLISION ☞154—SUITS FOR DAMAGES—COSTS.

> Under the rule established by decision in the First circuit in a suit for collision in which no cross-libel or counterclaim is filed, libelant is entitled to recover full costs, although both vessels are held in fault, and he recovered but half damages.

In Admiralty. Suit for collision by the Nantasket Beach Steamship Company against the steamship Yarmouth. On question of costs. Libelant allowed full costs.

Nason & Proctor, Frederick Dodge, and E. S. Dodge, all of Boston, Mass., for plaintiff.

Carver & Blodgett, of Boston, Mass., for defendant.

LOWELL, District Judge. This was a libel brought by the owners of the steamer Mayflower against the steamer Yarmouth for a collision in which the Mayflower was seriously damaged, and the Yarmouth damaged hardly at all. Neither cross-libel nor counterclaim has been filed. Both vessels were found to be at fault, and an interlocutory decree was entered giving to the libelants half the damage suffered by the Mayflower. Thereafter there was a hearing before an assessor, whose report is now on file.

The question here presented concerns costs. The libelants contend that they are entitled to recover full costs, and in support of their contention cite The Hercules (C. C.) 20 Fed. 205, and other cases therein referred to. The Hercules was decided by the Circuit Court for this circuit, sitting as a Court of Appeal, and this court is bound to follow the opinion of that court unless it has been overruled. True, the decree in The Hercules divided the costs, but the general principles governing the case at bar were stated so fully and strongly in the opinion that, unless overruled, the case must be taken to determine, so far as this court is concerned, that, where there is neither cross-libel nor counterclaim, the libelant will, in the absence of peculiar circumstances, recover full costs, even though he recovers but half his damages. In

the case at bar no peculiar circumstances have been shown, and the case must be decided on general principles.

In The Horace B. Parker, 75 Fed. 238, 22 C. C. A. 418, the Court of Appeals for this circuit divided the costs, though there was no cross-libel, but only a counterclaim. In deciding the Horace B. Parker, did the Court of Appeals intend to overrule Judge Lowell's carefully reasoned opinion in The Hercules? If so, the costs must here be divided; if not, the libelant must recover them. In the substantial facts it is difficult to distinguish between the Horace B. Parker and this case. If two vessels are in collision, both will certainly be damaged, though the damage to one, as in this case, may be so slight as not to be worth the filing of a cross-libel, or even a counterclaim. Paint will be scratched, where nothing worse happens. If full costs are given to the libelant where neither cross-libel nor counterclaim is filed, and if they are to be divided upon filing a counterclaim and proof of the minutest damage, a cross-libel or counterclaim will always be forthcoming. Yet the distinction just stated between a counterclaim and no counterclaim, though it may seem illusory, is the precise distinction drawn in The Hercules, and not denied in The Horace B. Parker. Whatever the Court of Appeals may do, I cannot take upon myself to overrule the former case. There is no need to comment upon the case in the Supreme Court and in other circuits, as these were fully dealt with in The Hercules. The Edward Luckenback (D. C.) 94 Fed. 544, seems to show that the practice in the Second circuit, which was somewhat relied upon in The Hercules, is now settled against the opinion in that case. The difference between a collision case in which only half damages are recovered and any other case in which the defendant reduces the plaintiff's demand may be greater than was perceived in The Hercules (C. C.) 20 Fed. 206. A. sues B. If B. has done A. a wrong (injuria), and damage (damnum) has resulted therefrom, A. recovers the amount of the damage and the costs incident to collecting his claim. If, however, the damage did not result altogether from the wrong done by B., but in part from A.'s own carelessness, A. ordinarily recovers neither damages nor costs. If A. and B. both suffer damage through the wrong of both, neither recovers anything; the loss is left to lie where it fell. In admiralty the rule is that above stated where the damage results altogether from the wrong of B. But where damage to both A. and B. results from the wrong of both A. and B., the rule of the admiralty is peculiar. The damages are added, and A. and B. are assessed each for half of the sum, and the costs are halved also. If A. alone suffers damage, caused by the wrong of both A. and B., the principle is the same. Theoretically B.'s damage is added to that of A., though there be no damage to add, and it should seem that, on principle, the costs should still be divided. By establishing that A.'s fault contributed to the damage, B. has done much more than reduce A.'s demand. He has shown that A. has committed a wrong against him from which arises a claim against A. for contribution. If B. has suffered no actual damage, the claim needs no money payment to satisfy it, but in theory B. still pays not the half of the damage A. has suffered, but half the sum of the damage suffered by A. and B. To apply the rule of the

civil law quoted in The Hercules, A. and B. are each victus and victor. A. has not established the right alleged in his libel to recover from B. the damage resulting from B.'s wrong, but has established only his right, shared by B., to call upon a cosufferer and cotort-feasor for contribution. Weighty as this argument may appear to this court, however it cannot be permitted to overcome the reasoned opinion of a Court of Appeal.

In the Gladiator, an unreported case, a counterclaim was filed after the assessors' report was returned into this court, and the costs were divided accordingly. In the present state of the pleadings, the libelant here is entitled to full costs.