## THE FRANK S. HALL.

### THE BERMUDA. :

(District Court, E. D. Pennsylvania. March 21, 1904.)

### No. 50.

1. COLLISION—DIVISION OF DAMAGES—COSTS:

Where the damages resulting from collision are divided because both vessels were found in fault, the costs may properly be considered as a part of such damages, and also divided, unless in exceptional cases.

In Admiralty. Suit for collision. On motion to divide costs. See 116 Fed. 559; 128 Fed. 815.

Flanders & Pugh, for libelant.

John F. Lewis and Francis C. Adler, for respondent.

J. B. McPHERSON, District Judge. As is well known, when a collision is due to the fault of both vessels the damages are equally divided, whether one vessel or both have been injured, and I see no reason why, in the ordinary case, the costs should not be divided according to the same rule. They may be fairly regarded as part of the damages, for they are incurred in the effort to discover who is liable for the injury, and are therefore a sufficiently direct result of the collision. The injury done to each party is increased by the sum that he is compelled to expend in litigating the suit, and in my opinion the aggregate of the sums thus expended should be borne equally by the parties. An exceptional case may require exceptional treatment, but I am aware of nothing in the present controversy that should move the discretion of the court in favor of either litigant. Judge Butler's thoroughly satisfactory opinion in The Pennsylvania (D. C.) 15 Fed. 814, a case decided in this district, affirmed on appeal in (C. C.) 24 Fed. 296, relieves me from the necessity of discussing the subject further. See, also, The America, 92 U. S. 432, 23 L. Ed. 724; The Mary Patten, 2 Low. 196, Fed. Cas. No. 9,223; The Hercules (C. C.) 20 Fed. 205; Union Ice Co. v. Crowell, 55 Fed. 87, 5 C. C. A. 49; The Horace B. Parker, 76 Fed. 238, 22 C. C. A. 418; and The Edward Luckenback (D. C.) 94 Fed. 544.

¶ 1. See Collision, vol. 10, Cent. Dig. § 308.