THE STRATHLEVEN. THE MARGARET J. SANFORD. THE S. 11.

(Circuit Court of Appeals, Fourth Circuit. March 14, 1914.)

No. 1183.

ADMIRALTY (§ 126*)—COSTS ON APPEAL—MODIFICATION OF DECREE.

A party to a suit in admiralty which by an appeal secures the modification of a decree against it is entitled to recover its costs in the appellate court.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 858–865; Dec. Dig. § 126.*]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Suit for collision by the Strathleven Steamship Company, Limited, owner of the steamship Strathleven, against the tug Margaret J. Sanford and scow S. 11, P. Sanford Ross, claimant. On motion to modify decree in 213 Fed. 975, as to costs in appellate court. Denied.

Robert M. Hughes, of Norfolk, Va., for the motion.
Floyd Hughes, of Norfolk, Va., opposed.

Before PRITCHARD and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is a motion to modify the decree heretofore entered in this cause as to costs in this court. The cause came here on appeal from the District Court wherein it was decreed:

"That the tug Margaret J. Sanford, and scow S. 11, were blameless in the premises, and that the collision in the pleadings mentioned was brought about solely by the fault of the steamship Strathleven, * * * and that the respondent do recover its costs."

It was decreed by this court that both the steamship Strathleven and the tug Margaret J. Sanford were in fault, and that the damages and the costs below should be divided equally between them, and that the appellee pay the costs in this court.

It is contended by appellee that this court in the exercise of its discretion should have divided the costs of this court between the parties, inasmuch as the entire decree of the lower court was in favor of the appellee, and that appellant in its brief based its appeal upon the ground that it was entirely without fault, and that therefore the decree of the lower court should have been in its favor instead of the appellee. The appellee relies upon the following cases: The America, 92 U. S. 432, 23 L. Ed. 724; The North Star, 62 Fed. 71, 10 C. C. A. 262; The Fountain City, 62 Fed. 87–92, 10 C. C. A. 278; The S. B. Hume, and The Pennsylvania (C. C.) 24 Fed. 296–298; The J. J. Driscoll et al., 63 Fed. 1023, 12 C. C. A. 4; and also upon the action of this court in case No. 149, Thom, Receiver A. & D. Ry. Co., Claimant of Steamship City of Chester, v. N. & C. R. R. Co., 78 Fed. 186, 24 C. C. A. 51, wherein it appears from the records of this court that the original decree entered therein provided appellee should pay the entire costs was modified so as to divide the costs

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

between the parties. However, there was no opinion filed in that case.

Appellant admitted that, while it is true that it contended in its brief that appellee was not entitled to have any decree in its favor, nevertheless upon the oral argument the contention as set forth in the brief was abandoned, and appellant admitted that it was not entirely without fault, and that in reality it recovered everything for which it contended for in this court, and that under these circumstances it is entitled to recover its costs from appellee in this court.

The appellant cites in support of its contention the following cases: The Horace B. Parker, 76 Fed. 238, 22 C. C. A. 418; The Citus, 202 Fed. 189; Horne v. John I. Brady, 204 Fed. 424; The Columbia, 25 Fed. 844; The Umbria, 59 Fed. 475, 8 C. C. A. 181; and many other cases. In the case of The Umbria, supra, the court in referring to the question of costs, said:

"As to costs, the appellant was put to the necessity of an appeal to secure a proper modification of the decree. If the libelants had made the Iberia a party, and insisted upon a decree against her as well as the Umbria, such as they would have been entitled to according to The Alabama and Game Cock. 92 U. S. 695 [23 L. Ed. 763], they could urge with reason that they should not be charged with the costs of the Umbria's appeal. Not having done so, there is no good reason why the appellant shall be required to bear the costs of a necessary appeal."

Also in Benedict's Admiralty (4th Ed.) § 587, among other things it is said:

"When appellant reduces the decree of the District Court, the appellee bears the costs of the appellate court."

A number of cases are cited to sustain the text.

The cases we have just quoted, as well as the other cases cited by appellant, are to the effect that where the decree in the lower court is in favor of the appellee, and appellant on appeal secures a modification of the decree of the lower court, appellant is entitled to recover its costs in the appellate court against the appellee.

The decision of the Supreme Court in the case of The America, supra, was cited by appellee as an authority supporting his position that the costs of the appellate court in a case like this should be divided. We do not so construe this decision. It is true that the Supreme Court ordered the costs in the Circuit and District Courts to be divided, but it also ordered the costs in the Supreme Court to be paid by the appellee. While the other cases cited by appellee tend to support its contention, yet when we come to consider the decisions of the various circuits we think the weight of authority is against the contention of the appellee.

In this instance the appellant was put to the necessity of taking an appeal in order to secure a modification of the decree, and was successful. In our opinion it necessarily follows the appellee should pay the costs incurred in this court.

The motion to modify the decree is denied at the cost of the appellee.

Motion denied.