THE GARDEN CITY.

(District Court, N. D. California, First Division.   September 18, 1916.) ·

No. 15418.

COLLISION ⊜⟶154—SUIT FOR DAMAGES—COSTS.

Where, in a suit for collision in which there is no cross-libel, the court finds both vessels in fault and enters a decree for libelant for half damages, the costs also should be divided.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 308; Dec. Dig. ⊜⟶154.]

In Admiralty. Suit for collision by the Klamath Steamship Company against the steamer Garden City; South Pacific Coast Railway Company, claimant. On taxation of costs.

Ira S. Lillick, of San Francisco, Cal., for libelant.

Andros & Hengstler, E. J. Foulds, and G. W. Bell, all of San Francisco, Cal., for claimant.

DOOLING, District Judge. The Garden City collided with the Klamath in a dense fog, inflicting substantial injury; herself being uninjured. The owner of the Klamath filed a libel in this court alleging that the collision was due solely to the fault of the Garden City. The latter answered averring that the collision was due solely to the fault of the Klamath. There was no cross-libel. The court found that both vessels were at fault and ordered that a decree be entered for divided damages. A decree has now been presented assessing against the Garden City one-half of the damage sustained by the Klamath. Libelant now claims full costs. Respondent contends that the costs, like the damages, should be divided. This contention seems to be in accord with the settled rule in such cases. The Edward Luckenback (D. C.) 94 Fed. 544; The Bermuda (D. C.) 128 Fed. 816; The Gladiator (D. C.) 223 Fed. 381.

The costs will therefore be divided.