## THE PEMAQUID.

(District Court, D. Maine, S. D.    January 19, 1924.)

**Collision ⊜⇒154—Where damages are divided, costs of District Court are to be divided.**

In a collision case, where damages are divided, the costs in the District Court are to be divided, unless the circumstances are distinctly exceptional even where large damage has been suffered by one vessel and very small damage by the other.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Suit by Calvin Austin, receiver of the Eastern Steamship Corporation against the steamer Pemaquid; the Maine Central Railroad Company, claimant. On taxation of costs.

See, also, 255 Fed. 709; 288 Fed. 666.

Edward S. Dodge, of Boston, Mass., and Nathan W. Thompson, of Portland, Me., for libelant.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass. (Foye Murphy, of Boston, Mass., of counsel), for claimant.

HALE, District Judge. This case is now before me upon a question of costs. After hearing in the District Court, in 1918, in the matter of collision between two vessels, I held the steamer Pemaquid to be in fault, and the Morse, the steamer owned by the libelant, to be free from fault. 255 Fed. 709. An appeal was taken. The Circuit Court of Appeals reversed the finding of the District Court, and held both vessels to be in fault. 288 Fed. 666.

It is now contended by the libelant that he should recover full costs in the District Court. The record shows that no cross-libel was filed; the damages of the claimant were comparatively small, and have been introduced through a clause in the answer which may be held to be in the nature of recoupment. In Pennsylvania R. Co. v. Golden, 243 Fed. 256, 259, this court held that, upon a division of damages, where the claimant had filed no cross-libel, made no claim for recoupment, and had suffered no injury, the libelant is entitled to full costs. The Hercules (C. C.) 20 Fed. 205.

In The Horace B. Parker, 76 Fed. 238, 22 C. C. A. 418, the District Court found the claimant's vessel solely in fault, and decreed accordingly. Recoupment was pleaded, but no cross-libel was filed. On appeal, the Circuit Court of Appeals reversed the District Court, holding that both vessels were in fault, that the damages should be equally divided, and that the libelants were entitled to full costs in the appellate court, but that the costs in the District Court should be equally divided. The American, 92 U. S. 432, 438, 23 L. Ed. 724. In The Gladiator, 223 Fed. 381, the District Court having held the tug Gladiator solely in fault for a collision, on appeal, the Circuit Court of Appeals reversed the District Court, held both vessels in fault, and divided the damages. In passing upon costs in the District Court, Judge Lowell said:

"Of course the District Court is not in any way controlled by its former decree, which was made on the theory that the tug alone was in fault. * * * The libelant's counsel contends that his client should be awarded the costs of the District Court. While this matter seems to me to be left to my discretion by the mandate, yet I think that The Horace B. Parker, 76 Fed. 238, 22 C. C. A. 418, is intended to establish a general rule, binding in all cases where the damages are divided, unless the circumstances are distinctly exceptional. The costs of the District Court are therefore to be divided."

The rule in this circuit has thus been stated by Judge Lowell; so far as I have found, it has not since been changed. I am bound by that rule. I am compelled, therefore, to divide the costs, unless the circumstances of the case at bar are distinctly exceptional. The case at bar is a somewhat peculiar one; there are many considerations which lead

me to regard with favor the contention of the libelant. But the discretion which the court is allowed to exercise in such matters is a judicial discretion. The rule which I have stated has generally been followed in this circuit; where there has been a division of damages in collision cases, costs have been divided, even where there has been large damage suffered by one vessel, and very small damage suffered by the other.

Upon the whole, I am constrained to find that the case before me is not so distinctly exceptional as to justify me in giving the libelant full costs. The appellate court has reversed this court and given the final judgment in the case, dividing damages; under the general rule in this circuit, the costs must also be divided. Decree accordingly.