SMITH et al. v. BACON et al.

THE NBC 758.

THE NBC 757.

THE ROLAND.

No. 13414.

United States Court of Appeals
Fifth Circuit.

May 23, 1952.

Hutcheson, Chief Judge, dissented.

Robert Eikel, Houston, Tex., for appellant.

Carl G. Stearns, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

On Petition for Rehearing appellees argue: (1) that this Court was not warranted in dividing the damages equally between Charles C. Smith Company and appellee, George Bacon Towing Service, but that, under the findings of this Court, it was required to hold that each of the five vessels involved, the three tugs and two barges, were guilty of contributing fault so as to render each proportionately liable for one-fifth of the damages resulting from said collision, regardless of the ownership of the vessels; (2) that in the alternative, the damages should be divided three ways between the three tugs involved, the "Viva Clare", "Carmichael" and "Roland"; (3) that, in any event, the costs of the appeal should not have been taxed wholly against appellee George Bacon Towing Service, but should have been divided equally between it and appellant;

and (4) finally, that this Court should expressly hold from whom appellee, River Terminals Corporation, owner of the barges "Joseph F. Meyer, Jr." and "W. Y. Fuqua", is entitled to recover its damages.

■ The testimony showed that the master of the tug "Viva Clare" "was directing the navigation of both those tugs", as testified by Captain Harper of the "Carmichael". At another place Captain Harper testified that "the 'Viva Clare' was in charge of the tow." The testimony of Captain Blount of the "Viva Clare", while not so explicit, is to the same effect. The two tugs were operated as one vessel, and the "Viva Clare" was in charge of both of them and of the tow. There was no substantial evidence that the barges "NBC-757" and "NBC-758" were unseaworthy, not properly equipped and apparelled, or otherwise at fault. Those barges were not separately manned but were in charge of the crew of the "Viva Clare", their towing vessel. Our opinion admittedly is not clear on the point, but we now hold that neither the barges "NBC-757" and "NBC-758" in tow of the tug "Viva Clare" nor the tug "Carmichael" were guilty of any fault which contributed to the collision. In The Eugene F. Moran, 212 U.S. 466, 474, 29 S.Ct. 339, 340, 53 L.Ed. 600, the faults of the vessels composing the flotilla were several and the opinion recognized the validity of the holding in Sturgis v. Boyer, 24 How. 110, 16 L.Ed. 591: "In that case it was held that a tug having control of a vessel in tow was solely responsible to a lighter upset by the vessel through the fault of the tug alone * * *. We see no reason why the decision should not stand." Cf. Moran Towing & Transp. Co. v. Empresa Hondurena de Vapores, 5 Cir., 194 F.2d 629; The G. K. Mellon, 2 Cir., 30 F.2d 238; The Norwich Victory—The Dump Scows Nos. 116, 120, 122, D.C., 77 F.Supp. 264, affirmed, 3 Cir., 175 F.2d 556; certiorari denied, American Dredging Co. v. U. S., 338 U.S. 871, 70 S.Ct.

147, 94 L.Ed. 534; U. S. v. The Australia Star, 2 Cir., 172 F.2d 472.

■ We find no merit in contention (3) supra, that the costs of the appeal should be equally divided between appellee, George Bacon Towing Service, and appellant. Courts of admiralty have authority in their discretion to tax the costs of the appeal against the losing party, and this rule applies even where the decree is for divided damages. Since appellee, George Bacon Towing Service, prevailed below, and appellant has had the burden of overturning that adverse determination, we think it not unjust or burdensome for appellee, George Bacon Towing Service, to bear the full costs of this appeal, as distinct from the district court costs. Zigler Co. v. Barker Barge Line, 5 Cir., 167 F.2d 676, 679; The Horace B. Parker, 1 Cir., 76 F. 238.

The fourth argument properly points out that this court did not expressly hold from whom appellee, River Terminals Corporation, was entitled to recover its damages. No fault was found by either the district court or this court on the part of the barges "Joseph F. Meyer, Jr." and "W. Y. Fuqua". This appellee, River Terminals Corporation, will therefore recover its full damages, interest and costs, one half from appellant and one half from appellee, George Bacon Towing Service.

With the opinion thus modified, the petition for rehearing is

Denied.

HUTCHESON, Chief Judge (dissenting).

Of the clear opinion, that the district judge was right in his finding that both the Carmichael and the Viva Clare were at fault; and that therefore the damages should be assessed one-third each against the Roland, the Carmichael and the Viva Clare, I respectfully dissent from the majority opinion denying the petition for rehearing.