## THE SAPPHIRE.

1. The rule in admiralty that where both vessels are in fault the sums representing the damage sustained by each must be added together and the aggregate divided between the two, is of course applicable only where it appears that both vessels have been injured.

2. And although a cross-libel may not always be necessary in such case, in order to enable the owners of the vessel libelled to set off or recoup the damages sustained by such vessel if both it and the other vessel be found in fault, yet if it be meant to set off or recoup such damages, it ought to appear in some way that the libelled vessel was injured, and if such injury is not alleged by a cross-libel, it may well be questioned whether it ought not to appear in the answer.

3. At all events where, in neither the District nor in the Circuit Court, the libellee has set up an allegation that there were other damages sustained than those which the libellant alleged had been sustained by his vessel, the libellee cannot make a claim in this court for damages which he alleges here, for the first time, have been sustained also by him.

4. Accordingly, where a decree in the Circuit Court which, assuming that the fault in a collision case was with the libelled vessel alone, gave $15,000 damages to the libellant, was reversed in this court, which held "that both vessels were in fault, and that the damages ought to be equally divided;" and remanded the case with a mandate, directing that a decree should be entered "in conformity with this opinion," *held*, there having been no allegation in any pleadings, nor any proofs that the libelled vessel had sustained injury, that a decree was rightly entered against her for $7500.

5. The libellant, in such a case, *held* entitled to his costs in the District and Circuit Court as given originally in those courts; deducting from them the costs of the appellant on reversal; the matter of costs in admiralty being wholly under the control of the court giving them.

APPEAL from the Circuit Court for the District of California.

In December, 1867, in the District Court of California, the Emperor of the French, Napoleon III, filed a libel in the admiralty against the ship Sapphire, averring that shortly before, a collision had occurred between the Euryale, a vessel belonging to the French government, and the Sapphire, by which the former was damaged to the extent of $15,000; that the collision was occasioned wholly by the negligence and inattention, and want of proper care and skill on the

part of the ship Sapphire, her master and crew, and not from any fault, omission, or neglect on the part of the Euryale, her master and crew.

The owners of the Sapphire in their answer, admitting the collision, denied that it had been caused by the fault of those on board the Sapphire; and averred that the Sapphire had her full complement of men and officers on board, was fully and properly manned and equipped, that the officers and crew, before and at the time of the collision, were on deck ready to adopt and use any and all measures to prevent any danger or accident happening to her; and they averred that on the contrary the Euryale *ran into and collided with the Sapphire,* without any fault or negligence on the part of the officers, or any of them, or the crew, or any of them, of the Sapphire; that whatever damage was done to the Euryale or the Sapphire, was occasioned *solely and exclusvsiely by reason of the fault and negligence* of the officers of the Euryale. Wherefore they prayed that the court would pronounce against the libel and condemn the libellant in costs, and *otherwise law and justice administer in the premises.*

*No cross-libel was filed,* and as the reader will have observed the answer put in, though denying the alleged fault of the Sapphire, and averring that whatever damage was done was due solely to the fault and negligence of the libellant's vessel, made no averment that any injury had been sustained by the Sapphire.

Upon the pleadings, as thus mentioned, the case went to trial, and decree was that the libellant recover the amount of his damages sustained by him in consequence of the collision described in his libel. A commissioner was then appointed to ascertain and compute the amount of the damages due to the libellant, and to make report to the court. Subsequently that commissioner reported the amount of those damages to be $16,474, whereupon the court decreed that the claimants and owners of the Sapphire pay to the libellant the sum of $15,000, a part of the sum thus reported and the amount claimed in the libel.

This decree was affirmed in the Circuit Court, and the

case being brought here for review this court was of the opinion that "both parties were in fault, and that *the damages ought to be equally divided between them;*" and sent down a mandate directing that a decree should be entered "in conformity with this opinion."*

The Circuit Court thereupon reversed its prior decision, and decreed that the libellant recover against the Sapphire and her claimants the sum of $7500, the same being one-half of the damages decreed by this court in favor of the libellant and against the claimants. It further decreed that the libellant recover against the ship the costs in the District Court taxed at $115.50, together with his costs in the Circuit Court taxed at $299.70, amounting in all to $415.20, less the sum of $137.43, costs of the claimants expended in the prosecution of their appeal to the Supreme Court of the United States. From this decree the owners of the Sapphire again appealed to this court, alleging that this last decree also of the Circuit Court was erroneous, and did not conform to the mandate—

*First.* In that it decreed in favor of the libellant for $7500, being one-half of $15,000, the sum previously awarded to the libellant, by the Circuit Court, as and for damage sustained by the libellant as owner of the Euryale, without taking into consideration the damage sustained by the Sapphire.

*Second,* In that the Circuit Court did not ascertain the amount of damage which had been sustained by the Sapphire, without which ascertainment the court could not divide the damages sustained by the two vessels equally between them.

*Third.* In that it allowed the libellant his costs in the District and in the Circuit Courts, to which he was not entitled.

*Fourth.* In that it did not enter a decree in favor of the claimants for $137.43, the costs allowed them by the Supreme Court, and in deducting this amount from the costs allowed the libellant.

---

* 11 Wallace, 164.

*Mr. C. B. Goodrich, for the appellants:*

1. The Supreme Court did not direct the Circuit Court to enter a decree in favor of the libellant for the sum of $7500, nor for any other specified sum. The mandate and the opinion of the Supreme Court settled that the libellant was not entitled to recover upon the case stated in the libel, which was based upon the supposed exclusive fault and wrong of the claimants; it decided that both parties were in fault, and remanded the suit to the Circuit Court with directions to proceed and dispose of the same upon the principles applicable to such case.

Now in a cause of collision between two vessels resulting from the fault of both parties, the damages sustained by each of the vessels are to be ascertained, and the entire aggregate sum divided between them. This is the well-settled law of the admiralty which has been recognized and established by this court.*

It appears by the pleadings in this case that distinct issues were presented, each vessel charging the other as solely and exclusively in the wrong; and each asking the court to administer law and justice in the premises. This invited an investigation into the whole case. But neither in the District Court, nor in the Circuit Court had the claimants an opportunity to show the nature, extent, or amount of damage sustained by the Sapphire, because of the interlocutory decree of the District Court holding the claimants alone as in the wrong, which was carried into the final decree, and a decree subsequently affirmed by the Circuit Court. It follows that upon a reversal of the decree of the Circuit Court and a remand of the cause, the claimants had a right to show the nature, extent, and amount of their damage under the pleadings as they now stand, and if necessary to protect themselves they were at liberty in the court below to specify more particularly their damage or to file an amended or supplementary answer stating the amount and

---

* The Gray Eagle, 9 Wallace, 505; The Mabey, 10 Id. 420; The Sapphire, 11 Id. 171; The Maria Martin, 12 Id. 31; The Ariadne, 13 Id. 475.

character of the damages sustained by the Sapphire in the collision.

2. In a case of collision, in which both parties are in fault, each party pays his own costs.* In the case at bar, the original decree was reversed, and the cause after the mandate required the court below to act upon a new state of facts; so that the question of costs arises subsequent to the mandate.

3. The claimants were entitled to the costs awarded them on their appeal to the Supreme Court, because they were compelled to appeal to protect their rights; these costs stand upon grounds distinct from those applicable to the costs of the parties in the District and Circuit Courts. The Circuit Court should have entered judgment therefor, instead of deducting the amount from the costs allowed to the libellant.

4. Finally, we submit that the Circuit judge mistook the import and requirements of the mandate and opinion to which it refers, and that the decree of the Circuit Court should be reversed, and the cause remanded with directions to ascertain the nature, extent, and amount of the damages sustained by the Sapphire, and thereupon to render such judgment as will carry the mandate into effect.

*Mr. Caleb Cushing, contra.*

Mr. Justice STRONG delivered the opinion of the court.

The question now presented is whether the new decree which the Circuit Court has made conforms to our mandate. Our mandate was not an order to take further proceedings in the case, in conformity with the opinion of this court (as was directed in *The Schooner Catharine*†), or to adjust the loss upon the principles stated in our opinion (as was directed in *Cushing et al.* v. *Owners of the Ship John Frazer et al.*),‡ but it was specially to enter a decree in conformity with the

---

* The Monarch, 1 William Robinson, 21.　　　　† 17 Howard, 170.
‡ 21 Id. 184; see also Rogers v. Steamer St. Charles, 19 Id. 108.

opinion of this court. Of what damages did we order an equal division? There were no others asserted or claimed than those sustained by the libellant. We do not say that a cross-libel is always necessary in a case of collision in order to enable claimants of an offending vessel to set off or recoup the damages sustained by such vessels, if both be found in fault. It may, however, well be questioned whether it ought not to appear in the answer that there were such damages. It is undoubtedly the rule in admiralty that where both vessels are in fault the sums representing the damage sustained by each must be added together and the aggregate divided between the two. This is in effect deducting the lesser from the greater and dividing the remainder. But this rule is applicable only where it appears that both vessels have been injured. If one in fault has sustained no injury, it is liable for half the damages sustained by the other, though that other was also in fault. And, so far as the pleadings show, that is the case now in hand. But, without deciding that the claimants of the Sapphire were not at liberty to show that their ship was damaged by the collision, and to set off those damages against the damages of the libellant, it must still, we think, be held they have waived any such claim. If our mandate was not a direction to enter a decree for one-half the damages of the libellant, if its meaning was that a decree should be made dividing the aggregate of loss sustained by both vessels, which may be conceded, it was the duty of the respondents to assert and to show that the Sapphire had been injured. This they made no attempt to do. When the cause went down they neither asked to amend their pleadings, nor to offer further proofs, nor to have a new reference to a commissioner. So far as the record shows, they set up no claim, even then, or at any time before the final decree, that there were any other damages than those which the libellant had sustained. It is not competent for them to make such a claim first in this court. We cannot say, therefore, the court below did not decree in accordance with our mandate.

The appellants further complain that it was erroneous to

allow the libellant his costs in the District and Circuit Courts, deducting therefrom the costs allowed them by this court, *i. e.*, the costs of the reversal of the former decree.   We do not perceive, however, in this any such error as requires our interposition.   Costs in admiralty are entirely under the control of the court.   They are sometimes, from equitable considerations, denied to the party who recovers his demand, and they are sometimes given to a libellant who fails to recover anything, when he was misled to commence the suit by the act of the other party.*   Doubtless they generally follow the decree, but circumstances of equity, of hardship, of oppression, or of negligence induce the court to depart from that rule in a great variety of cases.†   In the present case, the costs allowed to the libellant were incurred by him in his effort to recover what has been proved to be a just demand, and a denial of them, under the circumstances of the case, would, we think, be inequitable.

DECREE AFFIRMED.

---

* Benedict's Admiralty, § 549.   † Id. § 549.