## THE PENNSYLVANIA.[*]

### (*District Court, E. D. Pennsylvania.* February 14, 1883.)

1. ADMIRALTY PRACTICE — APPORTIONMENT OF COSTS WHERE DAMAGES ARE DIVIDED.

   Full costs in admiralty proceedings do not always follow a judgment for partial damages.

2. SAME—LIBEL FOR COLLISION—JOINT NEGLIGENCE.

   Where a collision resulted from joint negligence and the libelant recovered a judgment for half damages, there being no cross-libel, or allegation of damage in respondent's answer, the costs may also be divided.

Motion for Allowance of Full Costs to Libelant.

The owners of the schooner S. B. Hume recovered a judgment for half damages upon a libel for collision against the steam-ship Pennsylvania, reported in 12 FED. REP. 914, and the decree reserved the question of costs, whereupon the libelant moved for an allowance of full costs.

[*]Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

*Alfred Driver* and *J. Warren Coulston*, for libelants.

Full costs should be allowed where a recovery of damages is had and there is no cross-libel and no allegation of damage in respondent's answer, (*Rathburn* v. *Steam-tug Thompson*, unreported, BROWN, J., U. S. Dist. Ct., S. D. N. Y., second circuit; *Sapphire*, 18 Wall. 51; *Rival*, 1 Spr. 128; *Denike*, 3 Cliff. 117; *Mary Patten*, 2 Low. 196; *Baltic*, 3 Ben. 195; *Paterson*, Id. 299; *Avid*, Id. 434; *City of Hartford*, 11 Blatchf. 72, 290; *Vanderbilt* v. *Reynolds*, 16 Blatchf. 85; *Mason* v. *Steam-tug Murtaugh*, 3 FED. REP. 404; *William Cox*, Id. 645; 9 FED. REP. 672; *Sylvester Hale*, 6 Ben. 533; *David Dudley*, 11 FED. REP. 522; *Excelsior*, 12 FED. REP. 195; *Abby Ingalls*, Id. 217; *James M. Thompson*, Id. 189;) and also for printing brief, (*Neff* v. *Pennoyer*, 3 Sawy. 335.)

*Morton P. Henry*, for respondent.

Costs should be divided where partial damages are awarded and no equitable reason exists to the contrary. *Vanderbilt* v. *Reynolds*, 16 Blatchf. C. C. 90; *America*, 92 U. S. 432; *Farnley*, 8 FED. REP. 629. *The Sapphire*, 18 Wall. 51, in which half damages and full costs were recovered, is not inconsistent, since costs may be given for equitable reasons.

BUTLER, J. The libelant—admitting the question to be one for the court's discretion, determinable on equitable considerations—that costs may be given a libelant who fails to recover, and withheld from another who succeeds—asks an award of full costs in this case, on the ground that it is equitable, as he asserts, to do so whenever, as here, damages from collision—the result of concurrent fault of both parties—are sustained by the libelant's vessel, alone, and apportioned by the court—(in the absence of special circumstances;) and that this is so fully recognized in admiralty that such a disposition, under such circumstances, has become a rule of uniform application. That no such rule existed until within recent years, I understand to be admitted. An expression in *The Mary Patten*, 2 Low. 196–9, is cited as the starting point of this departure, and several subsequent cases, in Massachusetts and New York, are referred to as evidence of its general adoption. Whether such a rule has been adopted in Massachusetts and New York need not be considered, in the view I entertain of the question. The expression in *The Mary Patten*, cited as the foundation and reason of the rule, is as follows:

"There is one aspect of the case [the question of costs] which does not appear to have received sufficient attention. If the loss is suffered by one vessel alone, and her owner brings his libel, [being guilty of concurrent fault,] he

will recover half damages; and there is no reason why he should not, in general, recover full costs. It is the ordinary case of the prevailing party recovering less than he asks for, and if there has been no tender or offer of amends, and no equity peculiar to the particular case, it is according to sound and reasonable law, in all courts, that he should recover full costs."

With the highest regard for the learned judge who said this, and the consequent bias in favor of whatever he may say, I am unable to discover the justice of this position. The analogy invoked is drawn from proceedings at *law*, where the rule respecting costs is unbending, and its operation, frequently, inequitable. Were we to follow out the analogies on this line, the libelant, under the circumstances stated, would recover nothing whatever—either of damages or costs. It is only by reason of the equitable principles on which admiralty proceeds, that one guilty of contributory fault can recover any part of the resulting loss. The *law*, unable to gauge his just share in the responsibility, leaves him to bear the entire burden. The analogy invoked is, therefore, inapplicable, if not unfortunate. Because it is equitable to allow a recovery of half damages, under such circumstances, it by no means follows that it is also equitable to allow a recovery of full costs,—a large part of which, generally, if not invariably, results from the libelant's unjust and unsuccessful effort to recover double the amount of damages due.

In every contested collision case, wherein mutual fault is found by the court, each contestant is in part, and to exactly the same extent, successful, each establishing the fact of fault in the other, and thus escaping half the loss. Every such case contains two distinct issues, each involving precisely the same amount. What support, therefore, can be found in equity for requiring the respondent in such cases to bear all the costs—those resulting from the issue found in his favor, as well as those from the other found against him? If the respondent's vessel be also injured, it is conceded that such a requirement would be unjust. But what possible relation does this circumstance bear to the question? How does it affect the justice or injustice of compelling the respondent to bear the costs of an issue in which he has successfully resisted an unjust demand? If the respondent's vessel is injured, this additional loss is also divided. If it escapes injury, his loss, nevertheless, equals that of the libelant. In either event he bears half of all sustained. This half is what he is presumed to have inflicted. When he pays it, and the costs occasioned by denying his share in the fault, the demands of justice are fully satisfied. Exactly what proportion of the costs resulted from this denial and the

issue formed upon it, and what from the other, cannot generally, if ever, be ascertained,—any more than can the exact proportion of injury resulting from the respective faults of the parties. The court does not attempt to ascertain it, but infers the amount resulting from each to be equal, and therefore divides it, as it does the damages. The opposite view, urged by counsel for the libelant, would, in my judgment, not only be inequitable but mischievous in other respects. It would tend to encourage unjust claims, by allowing the claimant to experiment at the expense of his antagonist without risk to himself. The libelant may usually know when he is guilty of contributory fault, and doubtless does. If he may deny and conceal his fault, and demand and sue for the damages resulting from it, as well as from the respondent's, with immunity from risk of disadvantage respecting costs, it is not too much, I think, to say that the average libelant will do so.

Nor do I think the alleged rule is any better grounded in authority than in reason. The uniform practice in this district has been against it; and I do not find the practice to have been different elsewhere,—unless, indeed, in Massachusetts and New York. Without citing other cases—(*Hay* v. *Le Neve*, 2 Shaw, Scotch App. Cas. 395; *Foster* v. *Miranda*, 1 Newb. 229; *The Monarch*, W. Rob. 21; *The Rival*, 1 Spr. 128; *Lennox* v. *Winisimmet Co.* Id. 160; *The Favorita*, 4 Ben. 134; *Vanderbilt* v. *Reynolds*, 16 Blatchf. 80, 81, 86, 90, 91,) —in which this practice has been pursued, it is sufficient to mention *The America*, 92 U. S. 432, where this question of costs was before the supreme court,—as lately as 1875,—and where all the conditions necessary to the application of the rule here invoked, were present. No cross-libel was filed, nor did the answer or testimony suggest any injury to the respondent's vessel. And yet the supreme court,—(reversing the court below, whose decree awarded full damages and costs,)—finding both parties in fault and awarding half damages, *divided the costs*. It is true the question is not discussed in the opinion, but the court was called upon to consider it; and the case therefore shows the court's understanding of the practice, and a decision based upon it.

The earlier case of *The Sapphire*, 18 Wall. 51, decides nothing respecting costs; nor do I understand the general observations of the judge, dropped in passing, to be inconsistent with the practice subsequently followed in *The America*. The only question before the court was whether its mandate, previously issued, had been obeyed.

This mandate was to divide the damages.   Nothing was said respecting the disposition already made of costs.   The subsequent observations of the judge on this subject were mere suggestions in justification of the disposition made,—manifestly with no thought of passing on the question, or deciding anything.   The circuit court, having determined in the first instance that the respondent alone was in fault, doubtless was still of opinion that he was mainly so, at least, and therefore, probably, allowed its former disposition of costs to remain— when entering the decree for half damages, as ordered by the mandate. Precisely what is meant by the expression in the opinion, "doubtless they [the costs] generally follow the decree," is uncertain.   Is it that the disposition of costs, generally, follows the disposition of damages, —the former being divided between the parties, where the latter are, thus following the principle or rule of the decree?   Or is it that full costs are generally awarded a libelant who recovers half damages ? It must be further observed that the judge points out a special and controlling circumstance in favor of the disposition there made. "The costs allowed libelant were incurred in his effort to recover what has been proved to be his just demand," says the judge.   Certainly, if the costs were *all* incurred, as is here found, or assumed, in establishing the respondent's fault, and consequent liability to half damages,—(no part in resisting the unjust demand for double this amount,—founded on the false allegation of blamelessness in libelant,)—no other disposition of them could be made.   In any view, however, that may be taken of *The Sapphire,* the force of the decision in *The America* must remain unimpaired.

I do not find in the case before me any special circumstance calling for a departure from the usual practice.   The suggestion that the principal fault was the respondent's; that the libelant's was slight, and virtually unimportant, cannot be accepted.   The libelant was guilty of willful disregard of the law, in a matter material to the collision that followed.   It was not the case of oversight, imprudence, inadvertence, or other ordinary negligence; but was a deliberate disregard of the statute.   No torch was on board; no provision had been made respecting it.   As seems to be too common with such vessels, this provision of the law was, doubtless, esteemed unreasonable and unnecessary, and therefore unworthy of regard.   In recovering one-half the damages sustained and one-half the costs of ascertaining the controverted facts, the libelant gets all he can justly demand.