## GRAFF v. TOWN OF SEWARD, ALASKA, et al.*

Circuit Court of Appeals, Ninth Circuit.
July 18, 1927.

No. 4922.

1. **Appeal and error ⟳1042(2)—No error is assignable for striking paragraphs of amended complaint, not repeated in second amended complaint, under which cause was tried.**

No error is assignable as to rulings in striking paragraphs of amended complaint, where cause was tried and submitted on second amended complaint, in which complainant failed to repeat paragraphs which had been stricken.

2. **Electricity ⟳11—Electric rate ordinance held not impeached by showing that only evidence at public hearing was given by complainant showing proposed rates were prohibitive.**

Ordinance prescribing rates for electric light and power *held* not impeached by showing that only evidence given at public hearing was by complainant, showing proposed rates were prohibitive, since common council and mayor were not bound to accept his statements, but could rely on their own knowledge of facts concerning plant, as well as cross-examination.

3. **Electricity ⟳11—There is strong presumption favoring electric rates found.**

In reviewing validity of ordinance requiring establishment of electric meters and prescribing rates for electric light and power, there is strong presumption in favor of rates which were found.

4. **Appeal and error ⟳1008(1)—Trial court's finding is binding, unless clearly based on obvious error of law or serious mistake or misconception of fact.**

Finding that rates for electric light and power fixed by ordinance were not confiscatory is binding on reviewing court, unless it is clearly shown to be based on obvious error of law or serious mistake or misconception of fact.

5. **Electricity ⟳11—Evidence held to support finding that electric rates were not confiscatory.**

Evidence *held* sufficient to support finding that rates fixed by ordinance for electric light and power were not confiscatory, in view of deductions to be made from plaintiff's claimed investment in electric plant.

Appeal from the District Court of the United States for the Territory of Alaska, Third Division; E. E. Ritchie, Judge.

Suit by Samuel M. Graff against the Town of Seward, Alaska, and others. From a decree of dismissal, complainant appeals. Affirmed.

Donohoe & Dimond, of Valdez, Alaska, and Robert W. Jennings, of San Francisco, Cal., for appellant.

L. V. Ray and A. E. Rucker, both of Seward, Alaska, for appellees.

*Rehearing denied October 10, 1927.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant is the owner and operator of an electric light and power plant, and engaged in furnishing light and power to the town of Seward, Alaska, and its inhabitants. In 1923 the Legislature of Alaska conferred upon municipalities the power to regulate rates and charges for such service, and provided for a public hearing preliminary to the fixing of rates. On February 18, 1924, the town of Seward enacted Ordinance No. 78, requiring the establishment of meters and prescribing rates for electric light and power, to go into effect September 2, 1924. The appellant brought suit to restrain the enforcement of the ordinance, on the ground that the rates fixed thereby were confiscatory. Upon the pleadings and proof the court made findings of fact, and found that the plaintiff had failed to prove by a fair preponderance of the evidence that the rates fixed by the ordinance were confiscatory, and found that the rates prescribed were reasonable, and that they allowed the appellant a fair and reasonable return upon the investment made in property used and useful in the public utility which he owned and operated. Thereupon injunction was denied and the complaint was dismissed.

[1] Error is assigned to the rulings of the trial court in striking certain paragraphs from the amended complaint and from the second amended complaint. As to the amended complaint, no error is assignable on the appeal, for the cause was tried and submitted on the second amended complaint, in which the appellant failed to repeat certain paragraphs which were struck from his prior complaint. The substance of the paragraph struck from the second amended complaint was that on February 4, 1924, at the hearing before the common council and mayor, the appellees offered no testimony, but the appellant alone testified, and introduced all the testimony and evidence which was presented, and thereby showed that the rates prescribed in Ordinance 78 did not permit a fair return on the capital invested or on the value of the property. The laws of Alaska of 1923 provide a procedure for regulating rates by municipal corporations. The city council must give notice of a public hearing, which may be continued from day to day. Public service corporations or individuals affected shall have a right to be present at the hearing, to be represented by counsel, to introduce evidence and compel the attendance of witnesses, and thereafter the council shall proceed to

regulate and fix the rates by an ordinance. There is no provision requiring the common council to adduce testimony.

Notwithstanding that the allegations in question were struck from the complaint, the appellant was permitted on the trial to furnish evidence as to the matters set forth therein. He testified that he was present at the public hearings, that he tried to convince those who attended that the proposed rates were prohibitive, and that he gave as reason for his conclusion the history of his business in regard to the meters that were then installed and had been installed for a number of years. It may be accepted, therefore, that on the trial he showed that at the hearings he testified fully as to his plant, his investment, and his income, and the grounds on which he claimed that the proposed rates would be confiscatory.

[2] We cannot agree that the facts so pleaded and shown in evidence furnished ground for impeaching the ordinance. The appellant relies upon Northern Pac. R. Co. v. Dept. Public Works, 268 U. S. 39, 45 S. Ct. 412, 69 L. Ed. 836, where it was held that an administrative order fixing railroad rates upon a finding without evidence, or made upon evidence that clearly does not support it, is an arbitrary act against which courts will afford relief. But here it cannot be said that the finding was made without evidence, and it may be assumed that the proofs advanced by the appellant were scrutinized and that he was cross-examined by the common council at the hearings, which extended over three or four days. The common council and the mayor were not bound to accept his statements at their face value, nor to agree upon the valuations which he placed upon his property, or to conclude from his testimony that the rates prescribed in the ordinance were insufficient to afford him a fair return. His business was not complicated, nor was his plant extensive. He served a community of from 500 to 800 inhabitants, a community in which the members of the council were his neighbors, and must have had as full knowledge of the extent and value of his holdings and investments as could have been furnished by expert testimony. Doubtless all of them knew, as the court thereafter found, that a considerable portion of the appellant's investment for which he was claiming returns was for property devoted to his individual use and the housing and support of himself and family, and had no relation to the public service.

[3] The case is not unlike that of Brooklyn Union Gas Co. v. Prendergast (D. C.) 7 F.

20 F.(2d)—52

(2d) 628, 669, where the court said: "While the defendants called no expert witnesses, they did cross-examine the plaintiff's experts, and the court has a right to consider the testimony given in the light of the cross-examination, and accord to it such weight as it deems proper." It is to be added that there is a strong presumption in favor of the rates which were found. Darnell v. Edwards, 244 U. S. 564, 37 S. Ct. 701, 61 L. Ed. 1317.

[4, 5] Upon the evidence the court below found that the rates fixed by the ordinance were not confiscatory. That finding is, upon settled principles, binding upon this court, unless it is clearly shown to be based upon obvious error of law or upon a serious mistake or misconception of fact. We find in the record here no such ground for disturbing the finding. There was evidence tending to show that the public service by the appellant had been inadequate and unsatisfactory, and that the rates he charged were excessive. It was shown that in the year 1923 the town voted a bond issue for a municipal light and power plant, and that thereafter the light committee of the common council had conferences with the appellant, at which every effort was made to adjust the differences between them, and there is no suggestion in the evidence of a disposition on the part of the inhabitants or the officers of the town to deal arbitrarily or unjustly with the appellant. He claimed an investment in his business in excess of $180,000, and he asserted that he was entitled to a 10 per cent. net return thereon.

The contest in the court below was principally upon the extent and the value of his investment. Expert electricians, testifying for the appellees, were of the opinion that a large proportion of the appellant's expenditures was unnecessary, and that a portion thereof was solely for his individual use. Thus he claimed that the power house represented an investment of about $32,000, but it was shown that it was a two-story concrete building, of which the second story, which cost $10,000, was used for the residence of the appellant and his family, and that his garage, which cost $2,500, was mainly used for private purposes, and that among the items of his current expense was fuel, principally used for heating his living quarters. There was testimony, also, that a recent expenditure of $22,000 for a new intake of water from the glacial stream which furnished the electric power was an injudicious investment.

In brief, the trial court was of the opinion that the appellant's expenditures for buildings and fixtures unnecessary for the

public service and his unwise investment in the new intake would amount to the sum of $50,000, and that a more careful consideration of the natural obstacles to be contended with and the probable future of the town would have entailed an investment of not more than one-half of the amount which he had put into his business. It does not appear that in disposing of the case the court below failed to observe the principles declared in McCardle v. Indianapolis Co., 272 U. S. 400, 47 S. Ct. 144, 71 L. Ed. ——, and it is to be noted that in the judgment entry the bill was dismissed without prejudice to another suit after one year of operation under the ordinance.

The decree is affirmed.