THE VERONA. THE GARFIELD NO. 6. THE GLORIA WEST.

Nos. 12141–12143.

District Court, W. D. Washington, N. D. June 13, 1929.

See, also, 36 F.(2d) 501.

Daniel Landon, of Seattle, Wash., for libelant.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for claimants.

NETERER, District Judge.

■ That a copy of the decision may have been mailed to the proctors for the respective litigants by the secretary of the judge as an act of courtesy is not evidence of formal notice of any step in the litigation required by law or court rule. Nor is there proof as to when, if at all, the decision was received. Claimant bases his motion upon Rule 70 of Law and Equity Rules, and disregards Rule 53 in Admiralty.

This court held in Schofield v. Baker et al., 242 F. 657, that a cost bill under equity rule must be filed within five days from the filing of the decision; that the "decision" of the court bears the same relation as "verdict" in a law case. The cost bill was filed within five days of the rendition of the decree.

■ "Costs in admiralty are entirely under the control of the court." The Sapphire, 85 U. S. (18 Wall.) 51, at page 57, 21 L. Ed. 814. See, also, Harmony v. United States, 43 U. S. (2 How.) 210, 11 L. Ed. 239; The Scotland, 118 U. S. 507, 6 S. Ct. 1174, 30 L. Ed. 153; The Maggie J. Smith, 123 U. S. 349, 8 S. Ct. 159, 31 L. Ed. 175.

■ The contention of the claimant that Admiralty Rule 53 is superseded by Law and Equity Rule 70 cannot be sustained. The costs at law and largely in equity are a creature of statute, and in admiralty are under the control of the court. Rule 53 provides how costs shall be taxed or cost bills shall be filed with the clerk, setting forth disbursements "other than to officers of the court, * * *" and, if taxed without four days notice, are subject to retaxation on application of the party not having notice.

■ Unless the court otherwise directs, the cost bill should be filed before decree; if not filed, the known costs should be taxed in the decree by the clerk. The decree provides costs to be taxed by the clerk. The clerk was required by decree and Rule 53, in the absence of a cost bill, to tax the costs, fixed and known, of the officers of the court. The clerk, the marshal, and the court commissioner, to whom the cause was referred, are officers of the court. Their fees are a matter of record, and no cost bill as to them was necessary.

The purpose of Rule 70, in fixing a limit of time when the cost bill shall be filed after verdict or decision, is to have all matters determined before the formal judgment or decree is entered, and the same reason would apply to Admiralty Rule 53, except that no limit is fixed when the cost bill shall be filed, except that four days notice to all parties shall be given, or shall be subject to retaxation on the application of the party not served.

The motion to strike the cost bill will be granted, and the costs will be retaxed, as indicated.