## UNITED STATES v. 480 EMPTY HALF BARRELS, etc. (MANOR BREWERY, Claimant).

Circuit Court of Appeals, Second Circuit.
December 2, 1929.

No. 25.

Joseph M. Crooks, of Brooklyn, N. Y., for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Emanuel Bublick, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge. This appeal is from that part of a decree which awarded a money judgment against the appellant, amounting to $11,675.83, which represented the expenses of the marshal in maintaining guards for the protection and safekeeping of property libeled in this suit and against which the attachment issued. A jury, after a trial, rendered a verdict for the forfeiture of a quantity of beer and containers in the Manor Brewery, located within the district.

When the costs were taxed, the clerk allowed the expenditures in an amount stated in an affidavit of the marshal of the district, and this taxation was approved by the court below, after objections were made thereto by the appellant. The expenditures were found to be necessary and reasonable in caring for and guarding the beer and the containers, although the watch was over other property attached, and which was not forfeited by the verdict of the jury. When the attachment issued, and each 15 days thereafter, court orders were made authorizing the marshal to defray this expense. Title 28 U. S. Code §§ 574, 816 [28 USCA §§ 574, 816]. The authority for attaching the property so libeled is found in section 25 of title 2 of the National Prohibition Act (27 USCA § 39).

Other property seized was the machinery, plant, and building, and this was necessarily guarded, for it was the plant in which the beer was manufactured and stored. The court below found that no increased expenditures were incurred in guarding this property released from the attachment after the verdict. The quantity of beer was large, and could not be readily moved, and it could not be destroyed. No more economical way was suggested to the marshal, or pointed out to the court below, which might have been used in guarding the beer and its containers.

Such expenses, which entered in the judgment finally as taxable costs, were entirely under the control of the court below. The Sapphire, 18 Wall. 51, 21 L. Ed. 814. Even though all the property attached was not for-

feited, and thus relief in part only was granted, the court may award such expenditures as costs, if justice and equity so require. The Sapphire, supra; Avignone v. United States (C. C. A.) 12 F.(2d) 509; Williams v. United States (C. C. A.) 254 F. 48.

Since the property attached and forfeited was guarded by the marshal at the times and at the expense set forth in his affidavit, we are not justified in interfering with the exercise of a sound judicial discretion resulting in their allowance. Burns v. Rosenstein, 135 U. S. 449, 10 S. Ct. 817, 34 L. Ed. 193; Graff v. Town of Seward (C. C. A.) 20 F.(2d) 816.

Decree affirmed, with costs.