## STALKER v. SOUTHEASTERN OIL DELAWARE, Inc.

### Civ. A. No. 1339.

United States District Court
D. Delaware.

Feb. 16, 1951.
Motion to Dismiss Denied Feb. 20, 1952.

Henry A. Wise, Jr., of Wilmington, Del., for plaintiff.

James L. Latchum and David F. Anderson (of Berl, Potter & Anderson), of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is a motion to dismiss a complaint filed under the Jones Act,[1] in which complaint a jury trial is demanded. The present motion involves the following facts.

On April 6, 1949, the plaintiff, alleging that he was a seaman injured as a result of the negligence of the defendant or its agents, filed his complaint in admiralty under the Jones Act seeking to recover under that Act for his injuries, and also seeking to recover for his maintenance and cure. In that case an answer was made and other steps taken and the case is now at issue. By reason of being an action in admiralty, a trial in that action will not be had to a jury.

On November 13, 1950, the plaintiff, purporting to proceed under the Jones Act, filed another suit at law alleging substantially the same acts of negligence as in the former action, and a jury trial is demanded. As to this latter action the defendant has moved to dismiss the complaint upon the ground that there has been an election of remedy by the plaintiff and that, having proceeded in an in personam suit in admiralty to recover for his injuries, he cannot sue for those same injuries at law. The matter calls for a construction of the Jones Act and, to some extent, a consideration of the doctrine of election of remedies.

Prior to the passage of the Jones Act on June 5, 1920, it seems clear that an injured seaman could maintain an action in personam in admiralty based on (a) the maintenance and cure he was entitled to have, and (b) damages based on the unseaworthiness of the boat in connection with which he was injured. The Jones Act gave him another remedy by an action triable to a jury under which the defendant became generally responsible for negligence.

It is entirely clear, in this Third Circuit at least, that in one action there may

46 U.S.C.A. § 688: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * *."

be joined allegations based upon the original maritime liability for unseaworthiness, together with the allegations of negligence under the provisions of the Jones Act.[2] It has thus been held that the election specifically provided in the Jones Act is not an election between some rights set out in the Jones Act as opposed to and inconsistent with any prior right existing in admiralty, because the two rights may be joined in one action and the plaintiff may not be required to elect between them.

■■ An election is ordinarily a selection or choice between two or more alternatives. In the McCarthy case, supra note 2, it was distinctly held that the word "election" in the Jones Act refers to an option that an injured seaman has of bringing his action at law for negligence and thus obtaining a jury trial where the amount involved may be within the jurisdictional amount. The true doctrine of election of remedies seems to exist only where there are two or more coexistent remedies available to the litigant which are repugnant and inconsistent with each other. Without regard to the course adopted in the present case, it does seem that the remedy given to an injured seaman by the old admiralty action based on the unseaworthiness of the vessel is not inconsistent or repugnant to the action for negligence based on the Jones Act. The only apparent inconsistency is not found in the nature of the case or of the facts involved, but solely in the manner of trial, viz., whether the matter be tried to a court or to a jury.

The ingredient of inconsistency in some election of remedies is important in considering the irrevocability of the election. Hand in hand with the doctrine of election of remedies involving inconsistent or repugnant remedies is the corollary principle that all elections of remedies are not irrevocable, since the two remedies may not be inconsistent or repugnant one to the other, but one may be coexistent with the other. This feature is important in the present case since it is contended that the present plaintiff, by instituting his suit in admiralty based on the Jones Act, has irrevocably elected not to bring a civil action based on the Jones Act.

There is a sharp and almost equal division of the authorities as to the irrevocable or conclusive nature of an election of remedies where such election is predicated solely on the mere commencement of an action or its prosecution short of judgment on the merits. These authorities are largely collected in a comprehensive note in 6 A.L.R.2d 10. All of these cases are based upon the fact that the two remedies between which an election was to be made were inconsistent with each other. They are referred to here merely to show that many cases hold that the mere institution of a suit on one inconsistent remedy will not bar the subsequent bringing of an action on another inconsistent remedy unless the party charged with the election has received some benefit from his action or the other party has suffered some detriment. If the mere bringing of an action where the remedies are inconsistent does not bar a subsequent action on another inconsistent remedy, then a fortiori the mere bringing of an action on a coexistent and not inconsistent remedy could not bar the subsequent action on another coexisting remedy.

Clearly, an injured seaman can bring his action based on the Jones Act either in admiralty or by a civil action at law. There is no divergent set of facts making the adoption of one course of action inconsistent with the other. There is "but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex." [3]

■ I am of the opinion that the mere bringing of a suit in admiralty based on negligence under the Jones Act is not an irrevocable election of a remedy so as to estop a subsequent action at law based on that same negligence. The plaintiff has ob-

---

2. German v. Carnegie-Illinois Steel Corporation, 3 Cir., 156 F.2d 977; McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 724.

3. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069.

tained no advantage over the defendant by reason of the belated choice of the remedy of civil action, and the defendant has suffered no detriment. If, as argued, the civil action results in a delayed request for a jury trial beyond the time that such request must have been made if the original suit had been by civil action, then I see no detriment to the defendant from that result.

It may be conceded that a defendant might not properly be subjected to pleading to both actions or to undergo the expense of protracted discovery proceedings conducted in both actions. I think, however, this is a matter that can be determined within the discretion of the court and on motion of the defendant, even to the extent of imposing costs for unwarranted proceedings.

There remains the consideration of the reasoning of Kuhlman v. W. & A. Fletcher, Co., 3 Cir., 20 F.2d 465, 467, and the determination as to whether the result there reached is contrary to that here adopted. The cited case was determined by the view that the old maritime law gave one action, and the Jones Act an entirely different action, and that these actions were entirely distinct and separable, one solely enforceable in admiralty and the other solely at law. The court said, "These old and new rights may not be commingled, but must be asserted separately in the forum which has jurisdiction of them respectively." Upon this basis the court concluded that an action commenced at law could not, by amendment, be removed to admiralty, and held that the plaintiff had indicated his election as to forum by the institution of the action at law. It seems clear that the concepts of the rights of an injured seaman have undergone a change since the Kuhlman case.

Prior to 1920 an injured seaman could recover in admiralty his maintenance, cure and, under certain circumstances, his wages, and this sounded generally in contract. He could also recover damages growing out of the unseaworthiness of the vessel, and this sounded in tort. Under the Jones Act, 1920, he could recover for the negligence of the officers or agents of the vessel disconnected from or regardless of the seaworthiness of the vessel. He could recover under the Jones Act for negligence regardless of his prior recovery for maintenance, cure and wages.[4] His right of action for damages either by reason of the unseaworthiness of the vessel or other acts of negligence under the Jones Act could be joined in an action in admiralty together with an action for maintenance, cure and wages; his claim for damages for negligence under the Jones Act was cognizable in admiralty in the same action as a claim for unseaworthiness;[5] and finally, a civil action may be brought asserting the unseaworthiness of a vessel under the old maritime law and the negligence of the officers or agents under the Jones Act and no election can be required as to these claims.[6]

The motion to dismiss must be denied and an appropriate order may be submitted.

### On Motion to Dismiss

This is a motion by a seaman for the discontinuance of a suit brought by him under the Jones Act[1] without the payment of costs when such suit had been filed without any prepayment of any costs pursuant to Section 1916, Title 28 U.S.C. The facts were as follows:

The seaman, on April 6, 1949, brought a libel in admiralty, being No. 1653 in this court. He subsequently, on November 16, 1950, for the same injury, brought the present action under the Jones Act, being Civil Action No. 1339. The defendant moved to dismiss the present action on the ground that the suit was not maintainable, the plaintiff having elected to proceed in admiralty. After argument this motion to dismiss was denied.

This court is informed by the present motion that the admiralty action has been

4. Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.

5. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

6. McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 724.

1. 46 U.S.C.A. § 688.

440

compromised and settled and that in settling such action "the defendant has refused to recognize any value to the plaintiff in the present civil action." It, however, appears that it was stipulated in the settlement that the present action would be dismissed.

 The present motion presents the well-established rule that costs in admiralty are entirely in the control of the court.[2] Assuming, without deciding, that, having in mind the several acts of Congress, this control is as applicable to the abolition of all costs as it is to the division or assessment of such costs among the parties, the question remains whether in this case the assumed power of the court should be exercised. I am of the opinion that it should not.

Congress has provided by 28 U.S. C. § 1914 that in every civil action costs to the extent of $15 shall be prepaid. By 28 U.S.C.A. § 1916, Congress provided that this prepayment of costs need not be made by seamen. The cited section does not remove the obligation to pay the costs or remove the costs from general connection with the case, but solely relates to the question of prepayment.[3]

If the seaman prevails in a suit where costs had not been prepaid, the payment of such costs would be provided for. The present case seems even stronger. Without any trial and the uncertainty of recovery the claim has been compromised and settled and an amount paid to the seaman. As a condition to that settlement the present suit must be dismissed. While it is recited that the defendant declined to recognize any value to the defendant in the present suit, yet the plaintiff contended that the suit did have value and to this point this court has held the suit as properly maintainable.

It is suggested that the amount involved in the settlement is not large and that from it counsel fees must be paid. This court must assume that the settlement figure bears some exact relationship to the extent of the injury and the claim of the plaintiff.

The motion to dismiss the action without the payment of costs due thereon must be denied.

---

2. The Sapphire, 8 Wall. 51, 85 U.S. 51, 21 L.Ed. 814.

3. The Eastern Prince, D.C., 22 F.Supp. 880, 883.