**ORE CARRIERS OF LIBERIA, INC., as Owner of M.V. TYNE ORE, Plaintiff,**

**v.**

**NAVIGEN COMPANY and Navios Corporation, Defendants.**

**No. 65 Ad. 216.**

United States District Court
S. D. New York.

Oct. 17, 1969.

Haight, Gardner, Poor & Havens, New York City, for plaintiff; Charles S. Haight, Jr., New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendants; Edward L. Smith and David A. Nourse, New York City, of counsel.

METZNER, District Judge:

Plaintiff moves to amend the judgment pursuant to Fed.R.Civ.P. 59(e). The judgment that was entered by the clerk on the opinion of this court stated that the damages had been stipulated in the amount of $146,448.78, that the plaintiff had judgment against the defendants in that amount· and that "said damages shall be divided equally between the opposing parties pursuant to the stipulation."

Plaintiff, the owner of the vessel, sued to collect damages from the time charterers of the vessel. While the vessel was under charter, damage was caused to a crane and other machinery situated on a dock past which the vessel was proceeding. The vessel was also damaged in this collision. The plaintiff settled the claim of the dock owner in the amount of $121,000. The defendants do not deny that this resulted from an agreement between the parties that the settlement payment was reasonable in amount. After unsuccessful attempts to settle their differences, plaintiff instituted this suit to collect the $121,000 plus legal costs incurred by the plaintiff in defense of the dock owner's claim and monies it expended in repairing the vessel. After trial this court found, in an opinion dated August 1, 1969, that the damages should be divided equally between the parties. The parties have agreed that the original judgment should be amended to specify that the amount of the judgment is $73,224.39. The dispute concerns itself with whether interest and costs should be awarded to the plaintiff on this amount and the rate of interest to be applied.

I

The basic rule as to prejudgment interest in admiralty has been stated in The Wright, 109 F.2d 699 (2d Cir. 1940). The award of such interest is a matter of the court's discretion, but this is a legal discretion "and the award is to be made whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal."

Id. at 702. *Accord,* O'Donnell Transp. Co. v. City of New York, 215 F.2d 92 (2d Cir. 1954). The opinion referred to an exception to this rule and said that "interest should be withheld in collision cases between private vessels until it can be found which party is withholding a balance due * * *." Id. 109 F.2d at 702. However, the general rule has been applied even in mutual fault collision cases where there has been a stipulation as to damages, Lady Nelson, Ltd. v. Creole Petroleum Corp., 286 F.2d 684 (2d Cir. 1961), or where there is a preponderance of fault on one side, Afran Transport Co. v. The Bergechief, 285 F. 2d 119 (2d Cir. 1960).

The common law rule denied prejudgment interest in personal injury cases on the theory that it was a penalty for failure to pay a claim promptly, and that such failure should not be penalized where the amount of damages was uncertain. C. McCormick, Handbook on the Law of Damages § 56, at 224 & n. 83 (1935). Admiralty, however, will allow interest in personal injury actions although both the liability of defendant and the amount of plaintiff's damages are uncertain. See Petition of City of New York, 332 F.2d 1006 (2d Cir.), cert. denied *sub nom.* City of New York v. Bernstein, 379 U.S. 922, 85 S.Ct. 277, 13 L.Ed.2d 335 (1964); Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 592–595, 96 A.L.R.2d 1085 (2d Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962). The admiralty rule is predicated on the compensatory theory of prejudgment interest. Newburgh Land & Dock Co. v. Texas Co., 227 F.2d 732 (2d Cir. 1955); O'Donnell, supra.

Defendants argue that this case is a mutual fault case and therefore the exception to the normal admiralty rule is applicable. The misconception here, however, flows from categorizing this case on the basis of the court's finding of mutual fault. Defendants overlook the controlling factor calling the exception into play, namely, a collision between two vessels with cross-claims be-

tween the respective owners of the vessels. Here one party paid all the damages and the question for the court was whether the other party was liable for all or part of this damage. The situation is precisely analogous to the situation in The Hannah A. Lennen, 77 F. Supp. 471 (D.Del.1948), a mutual fault collision case in which only one party claimed damages. There the court distinguished *The Wright* as follows:

"Where only one libel is filed the only uncertainties are those accompanying every admiralty action and every action sounding in tort, viz., the uncertainty of proving liability and the amount of damages. In such cases there is no uncertainty as to the party who should pay all or a portion of the damages if liability can be proven. If interest could not be allowed until the damages are liquidated and the responsibility fixed, it is difficult to see in what admiralty cases of collision interest could ever be discretionary or allowed from a date preceding the decree fixing liability, and the general rule regarding interest in admiralty proceedings would have no force." Id. at 472.

Defendants further argue that long delay by the plaintiff may be an exceptional circumstance which the court may consider in denying interest. However, I do not find that the delay in this case is attributable to the plaintiff. Rather, it flows from the usual amenities between counsel in this type of case, plus a reasonable period when the parties were seeking to adjust their differences before the institution of suit.

In the exercise of my discretion, I award prejudgment interest to the plaintiff.

## II

The judgment entered in this case made no provision for costs. Plaintiff argues that it should be awarded costs either as the prevailing party under Fed. R.Civ.P. 54(d) or under the precedents developed in admiralty law prior to

1966. The defendants urge, on the other hand, that each party be left to bear its own costs.

Fed.R.Civ.P. 54(d), applicable in admiralty since 1966, provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." It has been held that under this rule the court has discretion in awarding costs. Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). In exercising the discretion granted by the rule, I will look to the established practice in admiralty prior to the unification of admiralty and civil procedure in 1966.

It has always been the rule in admiralty that costs are in the discretion of the court. Skibs A/S Siljestad v. S.S. Mathew Luckenbach, 324 F.2d 563 (2d Cir. 1963). In this circuit, the rule has been that costs are divided in mutual fault cases even though there was no cross-libel filed. The Edward Luckenback, 94 F. 544 (S.D.N.Y.1899). In 3 Benedict on Admiralty § 439 (6th ed.), it is said:

"Each party should tax a bill of costs, which bills are then set off one against the other, and the party taxing the larger bill is entitled to one-half the excess of his bill over his opponent's."

The court is aware of the decision in The Sapphire, 85 U.S. 51, 18 Wall. 51, 21 L.Ed. 814 (1873), where the Supreme Court affirmed full costs to the libellant even though he had been awarded only half his damages in a case where no cross-claim was filed. However, only half costs were awarded on similar facts in The America, 92 U.S. 432, 438, 23 L. Ed. 724 (1875). No mention was made in this case of the decision in *The Sapphire*. I take *The Sapphire* to hold that the trial court did not abuse its discretion in awarding full costs.

In light of all the circumstances in this case, therefore, I have determined to divide the costs between the parties, as it is within my discretionary power to do.

### III

Plaintiff seeks to be awarded the maximum rate of interest permitted by the state usury laws over the period in question, i. e., 6% per annum until July 1, 1968, 7.25% per annum from that date until February 16, 1969, and 7.5% per annum thereafter. See Gelco Builders & Burjay Constr. Corp. v. Simpson Factors Corp., 301 N.Y.S.2d 728, 732–734 (Sup.Ct.1969). Defendants argue that "the issues presented for the trial court's adjudication were essentially tort issues," and that in consequence the state rule of 6% in such cases should be applied. See Belcher v. Kesten, 162 N. Y.L.J. 11 (July 29, 1969) (Sup.Ct.).

██ In this circuit it has been held that the availability of prejudgment interest on claims arising under maritime law is to be determined by federal law. See Newburgh Land & Dock Co. v. Texas Co., supra. There is no reason to treat the rate of interest differently from the availability of interest for choice of law purposes and I hold that the rate of interest question in this case is a federal question. Circle Line Sightseeing Yachts, Inc. v. Storbeck, 325 F.2d 338, 340–341 (2d Cir. 1963), is not to the contrary. That case did not involve a claim under the general maritime law, but rather an action under the state wrongful death statute, which created a right and also fixed the measure of damages, including the proper rate of interest, for violations of that right.

The second issue presented on this rate of interest question is whether the federal rule should achieve national uniformity or state-by-state conformity.

█ The Supreme Court has chosen conformity to state law in determining some questions concerning prejudgment interest on federal claims. Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995, 85 L.Ed. 1361 (1941); Board of County Comm'rs of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939). Both cases involved the federal government as plaintiff suing on a cause of action closely related to causes of action under state law. Both raised the question whether the government was to be treated differently from private parties bringing substantially similar suits. The choice of a rule of conformity guaranteed that the government would be treated like any other suitor. This factor is absent when the issue is the rate of interest to be set in admiralty cases between private parties. In addition, the selection of the appropriate law to conform to was automatic in those cases: it was the law of the state where the bond was made and to be performed, in one instance, or of the taxing state in the other. In the present case, however, it is unclear whether the federal rate of interest should follow the rate of the state where the court sits, of the state where the contract of charter was made, of the state where it was to be performed (several, in this case), of the state where the injury occurred, of the state of plaintiff's primary business contacts, or of some other state.

I have come to the conclusion that the rate of interest in admiralty should not conform to state law. In my discretion I fix a rate of 6% in this case. Settle judgment.