**ORE CARRIERS OF LIBERIA, INC., as Owner of M.V. TYNE ORE, Plaintiff-Appellee-Appellant,**

v.

**NAVIGEN COMPANY and Navios Corporation, Defendants-Appellants-Appellees.**

**Nos. 291, 292, Dockets 34236, 34371.**

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1970.

Decided Dec. 15, 1970.

---

1. The appellants do not challenge the legality of the officers' entry into the dwelling.

Charles S. Haight, Jr., New York City (Haight, Gardner, Poor & Havens, and Gordon W. Paulsen, New York City, on the brief), for plaintiff-appellee-appellant.

Edward L. Smith, New York City (Kirlin, Campbell & Keating, Walter P. Hickey and David A. Nourse, New York City, on the brief), for defendants-appellants-appellees.

Before LUMBARD, Chief Judge, FEINBERG, Circuit Judge, and CLARIE, District Judge.*

PER CURIAM:

This suit arises out of a collision between the M.V. Tyne Ore, a Liberian flagship vessel owned by Ore Carriers of Liberia, Inc., and machinery owned by the Toledo, Lorain and Fairport Deck Company. The collision occurred in the Black River in the Port of Lorain, Ohio, while the Tyne Ore was attempting to navigate the river without tug assistance. Toledo, Lorain and Fairport commenced an action in the Northern District of Ohio against Ore Carriers to recover for the damage inflicted upon its machinery. Ore Carriers paid a $120,000 settlement, and then commenced the present action in the Southern District of New York against Navigen Company and Navios Corporation, the charterers of the Tyne Ore, to recover this payment together with its own losses. The parties stipulated that the total amount of damages was $146,488.78.

Judge Metzner, in an unreported opinion, held that damages should be divided, and entered judgment against charterers "in the amount of $146,448.78, said damages shall be divided equally between the opposing parties pursuant to the stipulation." On motion to amend the judgment, he changed the language to reflect a recovery of $73,224.39, and allowed pre-judgment interest, D.C., 305 F.Supp. 895. Charterers appeal, and shipowner cross-appeals.

Both sides agree that it was hazardous for a ship such as the Tyne Ore to navigate the Black River without tug assistance. Judge Metzner concluded that charterers had contractually warranted the safety of port and berth and that this warranty was breached, but that shipowner had acted with full knowledge of the probable unavailability of tug assistance. His findings are amply supported by the record. Shipowner's vice president knew before the voyage commenced that the Tyne Ore, as a Liberian flagship vessel, might be picketed and that tug assistance consequently was unlikely.

Judge Metzner held that under these circumstances, damages should be divided, citing Cities Service Transp. Co. v. Gulf Ref. Co., 79 F.2d 521 (2d Cir. 1935), and Paragon Oil Co. v. Republic Tankers, S.A., 310 F.2d 169 (2d Cir. 1962). Shipowner contends that it should recover in full, while charterers claim that the com-

* Sitting by designation.

plaint should be dismissed. Under the cases *cited above*, we agree with the district court. See also Park S. S. Co. v. Cities Service Oil Co., 188 F.2d 804 (2d Cir. 1951).

Charterers also contend that the master and pilot were negligent in their handling of the ship after it had entered Lorain Harbor. Judge Metzner rejected their claim, finding that "the absence of tugs placed the vessel in an emergent situation." The record supports his findings.

 Charterers further argue that the district court abused its discretion in awarding pre-judgment interest on the damages which the court assessed against the charterers amounting to one-half of the total damages sustained by shipowner. We agree with Judge Metzner, 305 F. Supp. 895, that where the only question is whether one party who has paid all damages is entitled to reimbursement, an award of pre-judgment interest is appropriate.

Affirmed.